# Cochran *versus* Young.

1. The 7th section of the Act of April 22d 1856 (P. L. 532), providing that the probate of a will devising real estate shall be conclusive as to such realty unless appealed from within five years, affects the title to the land, lays down a rule of evidence, and is not merely a limitation of the remedy.

2. The probate of a will by the Register of Wills, is a judicial act which cannot be impeached collaterally, but must be contested by "caveat and action at law duly pursued."

3. Unless the probate of a will devising real estate is contested within five years, and as directed by the Act of April 22d 1856, it becomes conclusive upon all persons, whether infants, femes covert or non compotes mentis or not.

4. The probate of a will by the Register of Wills is a proceeding in rem as well as in personam.   All persons interested must be regarded as parties or privies, and are concluded by his decree.   After five years, the subsequent production and probate of a will later in date does not affect the conclusiveness of the decree on the will first proved.

October 18th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.   GREEN, J., absent.

[Cochran *v.* Young.]

ERROR to the Court of Common Pleas of *Butler county:* Of October Term 1883, No. 130.

Ejectment, by Charles Cochran, guardian of Charles S. McCandless, against Simon Young, for an undivided half of a tract of land in Centre township, Butler county. Plea, not guilty.

On the trial before McJUNKIN, P. J., the facts appeared to be as follows : Title was admitted to have been in Charles S. McCandless, who died August 8th 1862. On September 5th 1862 a paper purporting to be his last will and testament dated October 22d 1861, was duly admitted to probate in Butler county, by which the testator devised his property, real and personal, to his parents during life and then to his brother, W. D. McCandless, who owned the other undivided half of the premises. The parents soon afterwards died, and W. D. McCandless went into possession of the entire property. On April 13th 1862 Charles S. McCandless, Jr., a son of W. D. McCandless, and ward of the plaintiff, was born. On March 14th 1876, W. D. McCandless and wife, by deed in due form and for a full consideration conveyed the property to Simon Young, the defendant, who took possession. Young, it was admitted, bought the property bona fide.

On February 11th 1881, a writing bearing date June 18th 1862 which purported to be a codicil to the will of the said Charles S. McCandless was presented for probate in Butler county. It was witnessed by George McCandless (deceased) and W. D. McCandless. Upon the oath of the latter and due proof of the genuineness of George McCandless' signature, this latter instrument was admitted to probate. It was alleged but not shown in evidence that prior to its production for probate it was in the custody of W. D. McCandless. By this codicil the testator devised his interest in the undivided tract of land in dispute, to his namesake Charles S. McCandless, Jr., infant son of the said W. D. McCandless.

This action of ejectment was brought in March 1882 by the guardian of Charles S. McCandless, Jr., to recover the possession of the undivided interest so devised to him.

The court directed the jury to find a verdict for the plaintiff, the court reserving the question, whether or not the probate of the first will for over five years without an appeal was conclusive against all parties, under the Act of 1856, and reserving the right to enter judgment for the defendant non obstante veredicto. Verdict accordingly.

On May 8th 1883, the court filed an opinion and decided that under the Act of April 22nd 1856 (P. L. 532, § 7) the probate and recording of the will dated October 22nd 1861, not appealed from for over five years, was conclusive upon all parties; and

[Cochran v. Young.]

accordingly entered judgment for the defendant on the reserved question, non obstante veredicto. Whereupon the plaintiff took this writ assigning for error the entry of said judgment.

*Thompson & Son* (with whom was *Charles McCandless*), for plaintiff in error.—The question is, does the probate of a will under the seventh section of the Act of 1856 operate as a bar where an actual fraud is committed against an infant. It was intended to prevent an attack upon the will actually probated, e. g., by alleging incapacity, undue influence, want of legal age and the like, not to prevent the probate of a valid later one. A man can only leave one last will, and it was this, his valid will, that was designed to be protected. A party claiming under the true will is not interested to contest the probate of a former will. The later will has in this case been judicially adjudged to be the testator's last will. If this is in conflict with the former decree, the later will should prevail. The statute was designed to prevent fraud and not to facilitate it. Hence, the limitation should not here apply : Sophia Marsden's Appeal, 6 Out. 202. It will be noticed that the warranty deed of W. D. McCandless et ux. to Young did not recite the will of Charles S. McCandless, deceased.

*A. T. Black*, for defendant in error.—The language of the Act of 1856 is strengthened by its preamble and title. Young was a bona fide purchaser for value and had a right to rely on the probate of the will through which this grantor derived his title. The Act is clear except as to the procedure prescribed for contesting a will : Wilson v. Gaston, 11 Norris 213. This precise question is new, but is governed by decided cases : Warfield v. Fox, 3 P. F. Smith 382 ; Folmar's Appeal, 18 P. F. Smith 482 ; Hegarty's Appeal, 25 P. F. Smith 503. The probate of a will by the register is a judicial decree, which cannot be impeached collaterally is an action of ejectment brought in right of the heir at law, to recover real estate devised by said will : Wilson v. Gaston, 11 Norris 207.

The opinion of the court was delivered January 7th 1884, by Mr. Justice CLARK.

On the 5th September 1862, a testamentary paper, dated October 22d 1861, purporting to be the last will and testament of Charles S. McCandless of Centre township, Butler county, was admitted to probate in the usual form by the Register of Wills of Butler county. By the provisions of this will, the testator who died August 8th 1862, devised and bequeathed all his real and personal estate to his brother, W. D. McCandless,

subject to a life estate therein to his father and mother. After the decease of the life tenants, W. D. McCandless, accepting the devise to him made, entered into the possession of the testator's interest in the lands  assumed the ownership thereof, and on the 24th March 1876, conveyed the same to Simon Young the defendant for the consideration of $18,600. It is not pretended, that Simon Young was not a bona fide purchaser and it is admitted that he paid a full price for the lands.

On the 11th February 1881 another instrument of writing bearing date 18th June 1862, also purporting to be the last will and testament of the said Charles S. McCandless, deceased, was admitted to probate by the Register of Wills of Butler county. The probate of the latter instrument was effected by the oath of the said W. D. McCandless who was one of the subscribing witnesses, and by proof of the genuineness of the signature of George McCandless, deceased who was the other.

Thus, it appears, that two testamentary papers, have been duly probated, in the same county, and entered of record as the last will and testament of Charles S. McCandless, deceased. As the testator could make but one last will and testament, the single question presented on this record is, which of these papers is to be taken and recognized as such. There is no question of disputed fact, and the law must determine the difficulty. Both were offered and received in evidence on part of the plaintiff, the only proof of either being the sentence or decree of the Register in the probate of each.

It has been held in Rowland *v.* Evans, 6 Barr 435 ; Holliday *v.* Ward, 7 Harris 485, and in many other cases, both before and since the passage of the Act of 22d April 1856, that the Register, in taking the probate of a will is a judge; that the admission of a will to probate is a judicial decree; that his judgment in its favor is evidence of its validity, conclusive in all respects as to personal, and presumptive as to real property, and that it can only be set aside on appeal. The probate as to realty was, however, but prima facie proof that the instrument was, in fact, the last will and testament, and no lapse of time gave the probate any conclusive effect. Twenty-one years continuous and adverse possession, claiming under the will, might render the possession secure ; two concurring verdicts in ejectment might establish title as against the party assailant, but the decree of the Register never became conclusive.

The Act of 22d April 1856, however, provided that "the probate by the Register of any will devising real estate," should " be conclusive as to such realty, unless within five years from the date of such probate, those interested to controvert it " should " by caveat and action at law, duly pursued,

[Cochran *v.* Young.]

contest the validity of such will as to such realty." It is entitled " An Act for the greater certainty of title, and more secure enjoyment of real estate." The preamble declares " that public and private prosperity and happiness require that titles to real estate should be certain and secure, and that the people should acquire, hold and improve their homesteads and estates, in the confidence that they will not be lost by secret and unknown claims, or by fraud and perjury, and also alienate them at their full value, without abatements for legal doubts and uncertainties."

In the construction of the 7th section of this statute a number of questions have arisen, which may now be considered settled by the decisions of this court.

1. It is not to be regarded simply as a statute of limitations, it is a provision' "for the greater certainty of title." Statutes of limitation affect the remedy only, but this section of the Act of 1856, as we have said in Warfield *v.* Fox, 3 P. F. S. 382; Hegarty's Appeal, 25 P. F. S. 517 and McCort's Appeal, 2 Out. 33, lays down a rule of evidence, which after the lapse of five years, without caveat or action at law duly pursued, makes that conclusive which before was prima facie only : it therefore affects the title to the land and not merely the remedy for its recovery.

2. A will can now only be contested "by caveat and action at law, duly pursued," and the contestant is restricted to the proceeding before the Register and an issue devisavit vel non, directed by the Orphans' Court. The probate of a will, by the Register, is a judicial act, which cannot be collaterally impeached in an action of ejectment, brought in the right of the heir-at-law, to recover the real estate devised by the will : Wilson *v.* Gaston, 11 Norris 207.

3. That those interested to controvert the probate, therefore, are necessarily those interested in contesting the validity of the will, and they, or any of them, may, at any time within five years, appeal from the decision of the register, admitting the will to probate : McCort's Appeal, 2 Out. 33.

4. That the probate of a will devising real estate is conclusive on all persons, whether infants, femes covert, persons non compotes mentis, or not, unless contested as directed by the 7th section of the Act of 1856 : Warfield *v.* Fox, 3 P. F. Smith 382.

These are the deliberate conclusions of this court, after a careful study of this statute, and we are unwilling to modify or change them. Individual cases of especial hardship may, and doubtless will, occur, which, at first blush, may appear to bring in question the wisdom of these rulings, but we believe

8 OUTERBRIDGE.—22

[Cochran *v.* Young.]

this construction to be in accord with the purpose and design of the statute.

The distinct question of fact which was before the register for adjudication on the 5th September 1862 was whether or not the writing dated October 22d 1861, submitted for probate, was the last will and testament of Charles S. McCandless, deceased. His adjudication, as to this, was a sentence or decree against "all interested to controvert it." No one of these perhaps, was named in the decree, or had notice of the proceeding, but all interested to contest its validity, as to the realty, were bound within the five years then next ensuing, to take notice of the fact, whether named or notified, or neither. The proceeding was in rem as well as in personam. All persons interested to controvert the will must therefore be regarded as parties or privies.

We are bound, therefore, to accept the will of October 22d 1861 as the testator's last will and testament, its validity cannot now be questioned, as to the realty devised under it. We have no right to assume that the paper of June 18th 1862, was his last will, simply because it bears a later date than the former; the presumption is otherwise, and that presumption is now conclusive.

It may be that the probate of the first testamentary paper, as the last will and testament of Charles S. McCandless, deceased, at the instance and for the benefit of W. D. McCandless, the devisee therein named, was a gross and most shameful fraud upon his child, and assuming this, the plaintiffs in error contend that the conclusive effect of a record, or of any judicial decree may be impugned for fraud. Assuming this to be true upon due proof, in an appropriate proceeding, how could such an attack prevail as against the present defendant? He is a bona fide purchaser, for a full valuable consideration paid. His purchase must be assumed to have been made upon the faith of the register's decree, which, except for the alleged fraud, by the lapse of five years, had ripened into a conclusive presumption of law, as to the title, under the will: but he had no knowledge of, or participation in the fraud, and is therefore entitled to protection against its consequences. Title to real estate "should be certain and secure," and the very purpose and design of the Act of 1856 would be defeated, if an innocent purchaser, under such circumstances, could not hold his estates, "in the confidence that they would not be lost by secret and unknown claims or by fraud and perjury."

The judgment is affirmed.