Opinion of the court by
The facts in this case are substantially as follows: On the 29th of November, 1899, John T. *Page 268 
Hart made and executed his last will and testament, by which will he bequeathed all of his estate, both real and personal, to the county commissioners of Logan county, Oklahoma, said estate to be used for the benefit of the dependent orphans of said Logan county; and by the terms of the will he intrusted to one Albert Ploeger the care of said estate until the said commissioners could take charge thereof. About a week after the execution of said will the testator died.
On the 2nd day of December, 1899, Albert Ploeger filed his petition for the probate of said will in the probate court of Logan county, alleging the jurisdictional facts, and asked that a day be fixed for the hearing of said petition. Thereupon the court set the 6th day of January, 1900, for the hearing of said petition, and notices were duly given and published. On the 6th day of January, 1900, the heirs of said John T. Hart, plaintiffs in error herein, filed their objections to the probate of said will, for the following reasons, to-wit:
"First: That said John T. Hart was incompetent to make a last will and testament on or about the 29th day of November, 1899.
"Second: That said paper purporting to be the last will and testament of the said John T. Hart was unduly executed in this:
"(A) That said paper was not signed by the testator in the presence of the witnesses thereto.
"(B) That Albert Ploeger was not a qualified witness, being named as executor and trustee therein.
"(C) That the signature of said witnesses were not attached to said paper at the request of the said John T. Hart and in his presence and in the presence of each other. *Page 269 
"Third: That the party named in said paper purporting to be the last will and testament of the said John T. Hart as devisee is not capable in law to take property of any kind or character by will and is not authorized by law to take property by will from any person or persons.
"Fourth: That said paper purporting to be the last will and testament of said John T. Hart is void for uncertainty and the objects stated are not set forth with sufficient certainty to enable anyone to execute the trust; that there is a fatal uncertainty as to the charitable scheme attempted to be provided for in said paper."
Thereupon a hearing was had upon said petition, pursuant to the notices given, and after said hearing the following order was made by the probate court, omitting the caption:
"Be it remembered that on the day of the date hereof, at a regular term of the said probate court, pursuant to notice duly given, the last will and testament of John T. Hart, late of Seward township in said Logan county, deceased, bearing date the 29th day of November, 1899, and being the annexed written instrument, was duly proved before the probate court in and for the county of Logan and territory aforesaid, and was duly allowed and admitted to probate by said court, according to law, as and for the last will and testament of said John T. Hart, deceased, which said last will and testament and the examination taken thereon are duly filed and recorded in the records of this court.
"In witness whereof the judge of the probate court of said county has hereinto set his hand and the seal of the said court at the city of Guthrie, in said county, this 6th day of February, A.D. 1900."
Thereafter, and on the same day, the heirs, plaintiffs in error, filed their motion for a new trial, which motion was, *Page 270 
on said 6th day of February, 1900, overruled, and the probate court made the following order, omitting the caption:
"On reading and filing the affidavit of F. H. Greer, publisher of the Guthrie State Capital, a newspaper published in Logan county, and Territory of Oklahoma, showing due publication of a notice of hearing of the petition and proofs of the execution of the last will and testament of John T. Hart, late of Logan county, Territory of Oklahoma, deceased, as required by the order of this court, dated Dec. 2, A.D. 1899. The executor, Albert Ploeger and the board of county commissioners appeared by John Devereux, deputy county attorney, and the heirs of the said John T. Hart appeared by Geo. S. Green, their attorney, and upon the proof of the execution of the paper propounded as the last will and testament of John T. Hart, late of Logan county, Territory of Oklahoma, deceased, bearing date the 29th day of November, A.D. 1899;
"And it appearing from the evidence of the subscribing witnesses and other witnesses, who were produced and sworn and examined in open court, that at the time of the execution of the same, the testator was of full age, of sound mind and memory, and was not acting under duress, menace, fraud, or undue influence, and that said will was executed in all particulars as required by law, to all of which findings of the court the heirs of the said John T. Hart then and there excepted and objected;
"It was thereupon ordered, adjudged and decreed that said instrument be propounded, to-wit:
"Seward, Okla. Ty., Nov. 29, 1899.
"I, John T. Hart, being of sound mind, make this my last will and testament.
"After all my legal debts have been paid I will and bequeath all of my estate both real and personal to the county commissioners of Logan county, Okla. Ty., said estate to be *Page 271 
used for the benefit of the dependent orphans of Logan county, Okla, Ty.
"I further intrust to Albert Ploeger the care of said estate until the aforesaid county commissioners can take charge. "(Signed) JOHN T. HART.
"This will was drawn by Dr. A. L. Houseworth in the presence of the following witnesses: (Signed) Albert Ploeger; (Signed) James W. Jeffries. Endorsed on the back: 'Last will of John T. Hart, deceased. Filed Dec. 2, 1899, J. C. Foster, Probate Judge', be allowed and probate thereof be granted as and for the last will and testament of John T. Hart, deceased, and that the same, together with the proofs thereof be recorded, and that the same be and hereby is established as a valid will, passing both real and personal estate, and that letters testamentary issue to Albert Ploeger, the person named therein as executor on his filing the oath of office as required by law, and executing a bond to the Territory of Oklahoma in the penal sum of one thousand dollars ($1000.00) with two or more assureties to be approved by the judge of the court, to all of which the said heirs of the said John T. Hart excepted at the time, and thereupon on the same day filed a motion for a new trial and rehearing upon the probating of said paper purporting to be the last will and testament of the said John T. Hart, which said motion was by the court overruled, and to which the said heirs excepted at the time.
"For good cause shown, thirty (30) days was given to the heirs of the said John T. Hart, to make and serve a case-made for the supreme court, five (5) days given to the executor, Albert Ploeger and the board of county commissioners to suggest amendments thereto and said case-made to be settled and signed by the judge of this court upon five days notice in writing by either party.
"Done in open court this 6th day of February, A.D. 1900. "J. C. FOSTER, "Probate Judge, Logan Co." *Page 272 
Thereafter an appeal was taken by the heirs of said John T. Hart from said order to this court, which appeal was afterward dismissed for what cause is not shown.
Thereafter, the heirs of said John T. Hart filed their petition in ejectment against the board of county commissioners, Albert Ploeger and the tenant of the board of county commissioners on the land in question, devised by said will. The board of county commissioners filed their answer to said petition, and as a second defense, plead as follows:
"For a second defense: First: That the defendants, the board of county commissioners of Logan county, are the owners of said land and claim title thereto under and by virtue of the last will and testament of John T. Hart, deceased, a copy of which will is hereto attached, and made a part hereof.
"Second: That the defendant Albert Ploeger is the executor named in said will, and has no interest in said action, except as such executor.
"Third: That the defendant William L. Clark, has no claim to said land except that he is in the possession of said land as tenant of the said board of county commissioners of Logan county.
"Fourth: That the plaintiffs have no claim to said land except as heirs at law of John T. Hart.
"Fifth: That heretofore, to-wit, on the _____ day of __________, 189_, the said will of John T. Hart was duly offered for probate in the probate court of Logan county, which said court had jurisdiction in the premises. That thereafter, Rosetta Ward, Charles Hart, Ella Brown Hazzard, John V. Brown, Earl D. Brown and Merten Brown, the plaintiffs in this action, duly filed in said court their objections to the probate of said will. That thereafter such *Page 273 
proceedings were had in said probate court, and after fully hearing the evidence and the claims of said parties, that said will was duly and regularly admitted to probate, and a judgment was duly and regularly entered in said probate court, which said judgment became, and now is a final and subsisting judgment, by which said judgment said will was declared to be the last will and testament of said John T. Hart, and all matters in said objections to the probate of said will were decided in favor of the defendants herein. A copy of the records and proceedings in said probate court is hereto attached, marked 'Exhibit D' and made a part of this answer.
"Sixth: That by reason of said judgment and decree of said probate court as hereinbefore set out, the plaintiffs herein are estopped and barred from further attacking said will, or asserting any claim to said land, so devised by the terms of said will as aforesaid."
To which second defense, the plaintiffs below, plaintiffs in error, filed their demurrer, alleging as ground therefor that said second defense in said answer is not sufficient to constitute a defense to plaintiff's cause of action. There was a third defense set up in said answer, and the demurrer extended to it also, but as the questions arising from that defense are not necessary for the determination of this case, they will not be noticed herein. The demurrer filed by the plaintiffs to the second defense of the defendant's answer was argued to the court, and by the district court overruled, and the plaintiffs, electing to stand on the demurrer, judgment was rendered against said plaintiffs, from which judgment this appeal is taken.
The question to be decided now, is whether or not the district court erred in overruling the demurrer of the plaintiffs *Page 274 
to the second defense contained in the answer of the board of county commissioners to the petition of the plaintiffs.
Under the laws of Oklahoma, the probate court has jurisdiction of the probate of wills and the distribution of estates of deceased persons. In this case, the probate court, having jurisdiction of the matter before it, admitted the will to probate. In course of time, and after the dismissal of the appeal from such order, said judgment became final and conclusive against collateral attack. This action is not a direct attack on the judgment of the probate court, but is an action in ejectment against the board of county commissioners, who now hold the real estate devised by said will, seeking to divest them of such real estate after it has been decreed to them by the probate court.
Such an action cannot be allowed. The probate court has decided that the will was such as was entitled to probate; that decision is final at this time, and cannot be the subject of collateral attack.
In England, the probate of wills bequeathing personal estate belongs to the ecclesiastical court, and no probate of a will devising real estate is necessary; the real estate there passing immediately to the heirs at law, upon the death of the owner. Under the law of England, an action of ejectment would lie by a person claiming to be the owner of real estate under a will, against the heirs at law who have taken possession of the real estate so devised by will; but that was because there had been no adjudication by the court as to the status of the property. But in regard to the personal estate, under the English law the ecclesiastical courts having jurisdiction of the probate of wills regarding such property *Page 275 
when a will was admitted to probate and established, then such decree was final and could not be attacked collaterally.
Under the laws of most of the states of the Union, the probate courts have been given jurisdiction of both real and personal property of a decedent, and the decisions are uniformly to the effect that where such jurisdiction is given to probate courts, their decrees establishing a will of realty are as conclusive as the decrees of the ecclesiastical courts of England in regard to personal property. The case ofState of California v. McGlynn, 20 Cal. 234, is one which has a specific bearing upon the case at bar. In that case a bill in equity was filed by the attorney general in behalf of the people, setting forth that one "Broderick died on the 16th of September, 1859, intestate, leaving no heirs, representatives or devisees, capable of inheriting any of his real or personal estate; that said Broderick left certain real and personal estate in the city and county of San Francisco, which has been escheated to the state; that on the 20th of February, 1860, the defendants presented a paper writing purporting to be the last will and testament of said Broderick, to the probate court of the county of San Francisco for probate; that on the 8th of October, 1860, a judgment or decree was entered by said probate court admitting such paper writing to probate as the last will and testament of said Broderick, and granting letters of administration, with the will annexed, to the defendants; that said paper writing purporting to be the last will and testament of Broderick was a false and forged instrument, and was fabricated after the death of said Broderick by certain persons, with George Wilkes, whose name appears as the universal devisee; that the defendant, Butler, caused false testimony *Page 276 
to be used in procuring said decree of probate; that the defendants, as executors, have allowed certain debts against the estate, and have applied to the probate judge for leave to sell the real estate to pay said debts, and a legacy to McGlynn, and that an order allowing such sale has been made, and the property advertised for sale, and if such sale takes place to innocent purchasers, it will work irreparable injury to the plaintiffs, by causing a great number of parties to become interested, and by casting a cloud upon plaintiff's title; and that the defendants are in the actual possession of said real estate."
The application for the injunction was heard, and in denying the application, the supreme court of California say:
"Upon examining the decisions of the supreme court of the United States, and of the courts of the several states, it will be found that they have uniformly held that the principles established in England apply and govern the cases arising under the probate laws of this country; and that in the United States, wherever the power to probate a will is given to a probate or surrogate's court, the decree of such court is final and conclusive, and not subject, except on an appeal to a higher court, to be questioned in any other court, or be set aside or vacated by the court of chancery on any ground."
And the same court on page 273 of the same report say further:
"This review of the cases decided in England and in the United States establishes that it is a perfectly settled doctrine that the decision of the court to which the proof of wills is confided, whether of real or personal estate, is conclusive upon the question of the validity or invalidity of the will; that this decision cannot be questioned collaterally in any other court; and that it cannot be reviewed or set aside by *Page 277 
the court of chancery on an allegation of fraud, or on any other ground."
To the same effect are Steele v. Renn, 32 Am. Rep. 605;Cochran v. Young, 104 Pa. 333; Wilson v. Gaston, 92 Pa. 207;Klingensmith v. Bean, 27 Am. Dec. 328.
And the supreme court of Kansas, in the case of Procter v.Dicklow, 57 Kan. 119, say, in deciding the question as to the conclusiveness of a judgment in the probate court:
"The judgment of the probate court is in the nature of a final judgment, * * * and is ordinarily conclusive and final, unless vacated by appeal, impeached for fraud or set aside by direct proceedings brought for that purpose. * * * The adjudication of the probate court, in a matter within its jurisdiction, is as conclusive upon the parties as is the judgment of the district court, and it should be allowed to stand unless set aside upon appeal or in some direct attack."
Again in Keith v. Guthrie et al. 59 Kan. 201, the same supreme court, in deciding the same proposition, say:
"The probate court is a court of exclusive jurisdiction over the distribution of the estates of deceased persons, subject to appeal to the district court. Its orders, made in the exercise of its jurisdiction, cannot be collaterally attacked and their effect frustrated by proceedings in other courts. Even if the district court was a court of concurrent jurisdiction, the injunction proceedings brought by plaintiff in error would not lie, because it is a general principle that, where two courts have equal jurisdiction over a subject-matter of dispute and the parties to it, the one which first obtains jurisdiction is entitled to continue in its exercise to the end. While probate courts are in a sense courts of inferior jurisdiction, they are not inferior in the sense that the superior courts will ignore their judgments and orders, or undertake their correction, *Page 278 
otherwise than upon appeal, or by other modes provided by statute."
And the same doctrine is maintained in Smith v. Eureka Bank,24 Kan. 528, and in Ackley v. Tinker, 26 Kan. 487.
In the celebrated case of Gaines v. New Orleans, 6 Wall. 642, one of the most carefully considered cases ever passed upon by the supreme court of the United States, the court say:
"Where a will is duly probated by a state court of competent jurisdiction, that probate is conclusive of the validity and contents of the will in this court."
In the case at bar, the appeal has been taken as provided by the statutes of Oklahoma, and has been dismissed and there has been no direct attack made upon the judgment of the probate court, seeking to reverse it or set it aside.
The supreme court of Michigan, in passing upon the same proposition, to-wit; the conclusiveness of a final order of the probate court, say in Bryne v. Hume, 47 N.W. R. 679:
"Had the question been presented to us as one upon which we had the power of direction, we should unhesitatingly hold that it was the duty of the executor to pay over to the complainant the balance of the legacy. But it is her misfortune that she did not appeal from the order of the probate court. There, a petition was filed, setting out substantially what is set out in this bill, and the probate court ruled the construction of the will against her. From this decree denying her rights she has not appealed. Under our former ruling, we have settled the doctrine in this state that the probate courts have the jurisdiction in the settlement of estates to construe wills, * * *. The decree of the probate court must therefore be held as determining the construction of the will, and res adjudicata to the present bill." *Page 279 
We have been unable to find any authorities which hold contrary to the United States, Kansas, California and Michigan authorities above cited.
In Oklahoma the probate court has jurisdiction:
"To open and receive proof of last wills and testaments, and to admit them to proof (probate), and to revoke the probate thereof, and to allow and record foreign wills. * * *"
"To order and regulate all distributions of property or estates of deceased persons." (Stats. Okla. 1893, sec. 1170.)
And it is especially provided by statute that:
"The proceedings of this (probate) court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees there are accorded like force, effect and legal presumption as to the records, orders, judgments and decrees of district courts." (Stats. Okla. 1893, Sec. 1171.)
If the district court had the jurisdiction, and had made the order admitting the will in question to probate, and such order had become final, the plaintiffs in error could not have attacked such order in the manner in which they now seek to attack the judgment of the probate court. The decision as to the validity of this will has been made. The will has been declared valid by a court having jurisdiction to make such order; this order has become final, and it cannot be set aside now, except on direct attack, even if it were subject to attack at this time. The decree of the probate court probating a will, is an adjudication in rem; it creates the status of the will, and the judgment binds and concludes the whole world upon collateral attack. *Page 280 
It is urged by the plaintiffs in error that the will admitted to probate is no will, is void, and that the court had nothing to exercise jurisdiction over. This is not correct. It was declared a will by a court competent to pass thereon, and that question is res adjudicata in this proceeding. Just as in the case cited above, State of California v. McGlynn, 20 Cal. 234, where the will sought to be set aside and held for naught was one which the state claimed was a forgery. If it was a forgery, it was void, and if void, then under the contention of plaintiffs in error here, the probate court had no jurisdiction over the matter, and the state should have recovered in that case. But the supreme court of California hold just the reverse. They say that the probate court has declared the paper exhibited to be the will, and that such decision cannot be impeached on collateral attack. We believe this to be the law in this jurisdiction. The probate court may have decided the matter erroneously, but that court decided it, and the decision has become conclusive and final.
It is urged that the will is void for the reason that the attestation clause was omitted. Our statutes do not say that the attestation clause must be attached to the will; they say that the will must be signed by the testator in the presence of two witnesses, who must sign the same in the presence of the testator, and in the presence of each other, at the request of the testator, and that the testator must declare the paper signed by him to be his will, and must request them to sign the same as witnesses. (Statutes Okla. 1893, Sec. 6173.) If the clause showing the foregoing facts is absent, it does not destroy the will; it only changes the proof required to show that the will was signed and witnessed as required by *Page 281 
law. This proof was made on the hearing for admission to probate of the will, and the proof showed a compliance with the requirements of the law. This is not a new proposition, and the supreme court of Massachusetts in Ela v. Edwards, 16 Gray, page 97, say:
"It seems therefore, to be well established that the fact of the want of an attestation clause does not invalidate the will. It does not, in case of death or absence, from the jurisdiction, of one or all of the witnesses, defeat the probate of the will, but only changes the nature of the proof. Instead of its being shown by the attestation clause that there was a compliance with the statute, the court, or jury, if the case is tried by a jury, are to be reasonably satisfied of the fact of a proper attestation from other sources, and from the circumstances of the case." (Also Ferris v. Neville [Mich.] 54 L. R. A. 464.)
Other numerous authorities support the same proposition, and we consider their construction the correct one. Even if this were not the law, the fact that the probate court had decided that the will was attested properly, would bar any inquiry into that fact in this suit. (Calloway v. Cooley, 50 Kan. 743.)
The other objections made by the heirs to the probate of the will, attacking its validity, were passed upon by the probate court, and decided therein, and its decision thereon is final, as we have said before, unless set aside on appeal or attacked in some direct proceeding; therefore they cannot be considered by this court in this suit.
The district court therefore committed no error in overruling the demurrer of the plaintiffs to the second defense set *Page 282 
up in the answer of the defendants below, and the judgment of the district court is affirmed.
Burford, C. J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.