## Commonwealth v. Harris et al.

*Herman Becker*, for petitioner.

*John Monaghan*, District Attorney, and *John H. Maurer*, Assistant District Attorney, for Commonwealth.

ALESSANDRONI, J., July 16, 1928.—This is a petition to require the District Attorney to return to Martin Cohn the sum of $500 deposited by him as bail for one Dorothy Harris, who was charged with keeping a bawdy-house. Nothing has been seen or heard of Dorothy Harris since Martin Cohn deposited the money and obtained her release. He now requests that the $500 be returned to him because at the time of the posting of the deposit, to wit, on Jan. 11, 1928, he was a minor, and produces a certificate from the Bureau of Vital Statistics showing that one Max Cohn was born on Oct. 28, 1908.

The petition of one who has entered bail in the usual form or deposited cash in lieu of bail, for the remission of the forfeiture and a setting aside of the judgment and execution after a breach of a condition of the bond, without averring at least that the defendant has been produced, is without any merit whatever. Even where the bail has produced the defendant for trial, after a breach, and the case is finally ended, the remission of the forfeiture and setting aside of the judgment is not one of right, but in the sound discretion of the court. This petition might well be dismissed on the appearance of the record, the petitioner having failed to show any basis for relief. In view of the fact, however, that the question raised by the petitioner touching his minority may be raised in the future in a proper case, we have chosen to consider it.

The Act of May 12, 1921, P. L. 548, provided that in all criminal or quasi-criminal prosecutions, etc., in lieu of bail and recognizances with surety or sureties thereon required and approved by the court, the party or parties required to give and enter said bail or recognizances are hereby authorized and allowed to deposit with the clerk of the respective court in which said prosecution or proceeding is pending the amount in which bail or recognizance is required in current funds of the United States, etc.

On March 19, 1925, the legislature amended section 1 of this act so as to read that the party or parties required to give and enter said bail or recognizances, "or any other person or persons in their behalf," might make the deposit of cash bail.

Under the provisions of the Act of 1921, the defendant was given the privilege of depositing cash in the place of entering a bond, which she would be required to sign as principal and another as surety. Any defendant, or some one acting in her behalf, might, under these acts, deposit cash in the sum required without the execution of a bond or recognizance in the usual form. This legislation provided another method for the temporary release of the prisoner and dispensed with the assumption of a contractual obligation by the defendant as the principal and the "bail" as the surety.

Section 1 of the Act of 1925 simply allowed others to do what the defendant could not do for herself. The condition of that deposit, whether made by the defendant herself or by some one in her behalf, was that she would appear for trial; failing to do that, the bail is forfeited to the Commonwealth. The cases cited by the petitioner establishing the invalidity of a minor's contract have no application here. There was no contract of suretyship between the Commonwealth and Martin Cohn. Under the law as we view it, the right to deposit cash bail is given only to the defendant. The language of the Act of 1925, providing that others may deposit it in her behalf, does not make the person depositing it in behalf of Dorothy Harris a surety.

There is another reason for refusing this petition. It is a well-settled rule of construction in Pennsylvania that when a statute confers an authority generally, it applies to every one, regardless of disabilities, unless expressly excepted. The words of the statute in question are general in their authority and except no classes, such as infants, married women, etc. The case of Williams v. Ivory, 173 Pa. 536, clearly establishes the proposition here illustrated. The court said: "When, therefore, the act extends its benefits to all persons, it must be held to confer capacity to make the necessary deed of assignment by which alone those benefits can be obtained. It is a perfectly familiar principle that a saving from the operation of statutes for disabilities must be expressed or it does not exist. A law general in its nature binds minors and femmes covert, and there is a multitude of statutes by which the rights of such persons are affected, although they are not specifically named." See, also, Hunt v. Wall, 75 Pa. 413; Cochran v. Young, 104 Pa. 333; Broe v. Boyle, 108 Pa. 76.

Apart from the reasons already stated, it is not reasonable to suppose that in passing the legislation above referred to the lawmakers intended the cash deposit to be returned to one claiming to be a minor or under some other legal disability, particularly when the bail so deposited defeated the ends of justice in its ultimate effect.

For the reasons above stated, the petitioner should not be granted the relief prayed for.

And now, to wit, July 16, 1928, the petition is refused.