## Hetzel's Estate

*J. H. Johnston,* for appellant.

*Carl D. Smith* and *Albert F. Zehner,* for appellee.

TRIMBLE, P. J., October 23, 1939.—The question here is whether a decree of probate of a will of decedent may be opened after two years to admit the probate of his last will and testament.

On January 31, 1922, Lawrence Hetzel made a will in which he named Lawrence Fichter, Gertrude Buscha, and Anna E. Coleman as legatees and appointed Anna E. Coleman as executrix. On March 12, 1929, he executed another will, revoking any prior will, in which he named Herbert A. Smalstig sole legatee and executor. To this will he later added two codicils dated June 11, 1929, and January 15, 1930, respectively. Lawrence Hetzel died on September 23, 1936. On September 28, 1936, Anna E. Coleman filed a caveat in the register of wills' office and on October 8, 1936, caused to be probated the will of Lawrence Hetzel, dated January 31, 1922, in which she had been named executrix. On December 11, 1936, at no. 486 December term, 1936, Herbert A. Smalstig, the legatee and executor under the second will, petitioned for

a citation to show cause why "said probated will should not be set aside and letters testamentary thereon granted to the said Anna E. Coleman be revoked, to the end that the subsequent will dated March 12, 1929, with codicils as aforesaid, be admitted to probate and letters testamentary issued to the executor therein named." The proper practice in a case of this kind is to appeal from the probate of the first will and to petition the orphans' court to open the decree of probate so that the alleged later will may be considered: Crawford v. Schooley, 217 Pa. 429, 434; and see Sebik's Estate, 300 Pa. 45, 48, where no appeal from the probate was taken and probate of an alleged copy of a later will was refused.

On October 14, 1938, at no. 6706 of 1938, a petition was filed by Anna E. Coleman, executrix under the probated will, praying for a citation on Herbert A. Smalstig, the legatee under the second will, to show cause why "he should not at once turn over to your petitioner all assets and papers in his hands, or in his possession, or under his control as being a part of said decedent's estate." In that petition it is alleged "that the proceeding at no. 486 December term, 1936, was in due course dismissed by the court and said Herbert A. Smalstig relegated to his proper remedy at law, an appeal from the action of the register in admitting the first of said wills to probate." We find no such order in the record, but if made it was correct practice.

On December 13, 1938, Herbert A. Smalstig, having abandoned the proceeding begun by him at no. 486 December term, 1936, filed an appeal from the probate of the first will and on December 15, 1938, at no. 6706 of 1938, petitioned the orphans' court to open the decree. This proceeding could perhaps have been an amendment of his original petition, but it was begun without any reference to it two years, two months, and five days after the first will was probated. An answer was filed and a hearing had. The testimony of subscribing witnesses proved that the will, dated March 12, 1929, and the

codicil, dated June 11, 1929, were signed by decedent. It appeared that the proof of the execution of the second codicil was insufficient. The petition was dismissed, the court holding that the action was barred by section 16 (a) of the Register of Wills Act of June 7, 1917, P. L. 415. That section is as follows:

"The probate, or refusal of probate, by the register of the proper county of any will, or any other paper purporting to be a will or codicil thereto, shall be conclusive as to all property, real or personal, devised or bequeathed by such will or codicil or other paper, unless, within two years from the date of such probate or refusal of probate, those interested shall appeal from the decree of the register as herein provided".

Prior to this act the limitation was three years under the Act of June 25, 1895, P. L. 305, as reduced from five years under the Act of April 22, 1856, P. L. 532. Section 16 (b) of the same act provides:

"The last will of any decedent may be offered for probate at any time: Provided, That if such will shall not have been offered for probate within three years from the date of the death of the testator, the same shall be void and of no effect against a bona fide conveyance or mortgage of the real estate of said decedent duly recorded before the date of the offering of said will for probate."

The purpose of these two sections is to make marketable the property of a decedent passing under his probated will, or by conveyance from his heirs, or by transfer by his administrators. The result is, when the bar becomes effective, titles of bona fide purchasers for value are free from direct or collateral attack after the expiration of two years in section 16 (a) and three years in section 16 (b). It is not the purpose of the act of assembly to prohibit the probate of a last will and testament offered after the expiration of a time limit. This would be contrary to the direct declaration of section 16 (b) which says the last will and testament may be probated at any

time. In the Report of the Commission appointed to Codify and Revise the Law of Decedents' Estates the commissioners in their report, in speaking of this section, at page 376 said: "The proviso is founded on section 1 of the Act of April 1, 1909, P. L. 79, 5 Purd. 5884; the first part is new, but declaratory of the present law."

The true meaning of sections 16(*a*) and (*b*) can best be determined by examining the cases construing their legislative predecessors. The Supreme Court in Cochran v. Young, 104 Pa. 333 (1883), said that, prior to the Act of April 22, 1856, P. L. 532, the probate of a will as to realty was but prima facie proof that the instrument was in fact the last will, and no lapse of time gave the probate any conclusive effect. The court stated (p. 336):

"Twenty-one years continuous and adverse possession, claiming under the will, might render the possession secure . . . but the decree of the Register never became conclusive."

After quoting the title and the preamble of the Act of 1856, supra, which act provided that the probate by the register of any will devising real estate should be conclusive as to such realty, unless, within five years from the date of such probate, those interested to controvert it should by caveat and action at law, duly pursued, contest the validity of such will as to such realty, the court also said (p. 337):

"In the construction of the 7th section of this statute a number of questions have arisen which may now be considered settled by the decisions of this court.

"1. It is not to be regarded simply as a statute of limitations, it is a provision 'for the greater certainty of title.' Statutes of limitation affect the remedy only, but this section . . . lays down a rule of evidence, which after the lapse of five years, without caveat or action at law duly pursued, makes that conclusive which before was prima facie only: it therefore affects the title to the land and not merely the remedy for its recovery."

We are reading the law of Cochran v. Young, supra, by considering the facts before the court. There, title had been acquired by an innocent purchaser for value from an executor of a probated will, and the case illustrates the impossibility of a collateral attack upon a conveyance made by the executor of a probated will.

In Bunce v. Galbrath, 268 Pa. 389, there was an attempt made to attack the decree of probate by the register of wills unappealed from within the statutory period in a suit in trespass in the common pleas court by a child of testatrix against her executor. It was held that the court of common pleas had no jurisdiction and the court said (p. 392):

"That a register's decree admitting to probate a last will, unappealed from within the statutory period, becomes thereafter conclusive and exempt from collateral attack is too well established to be gainsaid. Such probate is conclusive as to all questions and disputes touching the will as fall within the jurisdiction of the register, as for instance, questions of fraud in the procurement of the will, whether by undue influence, restraint, or duress of any kind. When a last will has been admitted to probate, the legal presumption at once arises that the will so probated is a last will, and is the free and voluntary expression of a testator, of sound and disposing mind and understanding, as to the disposition the testator desired to make of his property upon his death. Where the decree of the register is unappealed from within the period allowed for such appeal, the legal presumption becomes conclusive, and it makes an end to questions passed upon, or within the jurisdictional power of the register to consider, touching the validity of the will."

Culbertson's Estate, 301 Pa. 438, was a direct attack on the grant of letters testamentary and there it was held, despite the lapse of 12 years from the probate, that the will should be set aside because of the forgery, the court saying (p. 446):

"The jurisdiction of the register is limited to the determination as to whether the paper presented has been legally executed as the will of the deceased, and if his action has been induced by fraud the order following is void and may be set aside". However, the court further said (p. 448):

"More than two years having elapsed since the probate of the will in question and the giving of the mortgages, the rights of the grantees or mortgagees could not be affected. No collateral attack on the conveyances made would be permitted . . . and no direct attempt to set them aside is here made, nor is relief asked against those so interested."

The present case raises no question of title in the hands of an innocent purchaser. Only the rights of legatees are involved, three under the first will and one under the second and last will. There has been no advertisement of letters, no inventory filed, no administration conducted, no transfers of property, nor any account filed. The legatees and the executrix under the first will claim absolute title by pleading the provisions of a statute intended for the protection of bona fide purchasers for value. The statute cannot be used to perpetuate the wrong done by the executrix under the probated will to the legatee under the second and last will.

We are urged to say that forgery is the only fraud which will invalidate a probated will. The unlimited time for probating a last will given by the act would not bear such construction. Every will probated which is not the last will is as much a fraud upon the register as the forgery was in Culbertson's Estate, supra. The moment that it is known that a probated will is not the last will, it becomes the duty of every person connected with the proceedings to see that the rights of testator are respected. The register has been deceived by the probate of a forged will or of a will obtained by undue influence, and also where no actual fraud has been perpetrated, as when it is discovered that a probated will is not the last

will. There can be no such thing as not giving effect to section 16(*b*) of the Register of Wills Act, supra, by refusing to probate a last will and testament at any time except when rights have been lost by transfers and conveyances, and by laches. It is not argued and it cannot be said that any rights of assignees or grantees have intervened, or that any claim by legatees under the first will is any higher today than it was when the will was probated. All parties have the same status now as they did when Lawrence Hetzel died.

But it is argued that the laches of the second legatee has destroyed his rights, and the bar of the statute is taken as the measure of the laches. Laches does not depend on the statute of limitations but on whether due diligence has been shown or whether delay prejudiced the adverse party: McGrann v. Allen et al., 291 Pa. 574; Fidelity-Philadelphia Trust Co. et al. v. Simpson, 293 Pa. 577; Peabody v. Carr et al., 313 Pa. 325. This rule is stated again in Bangert v. Provident Trust Co., Exec., et al., 314 Pa. 442, at 446:

" 'The question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute or prosecute his proceeding: Townsend v. Vanderwerker, 160 P. S. 171' ".

See also Kinter v. Commonwealth Trust Co., Exec., et al., 274 Pa. 436, Benner et al. v. Tacony Athletic Assn. et al., 328 Pa. 577, 582, First National Bank of Pittston, Exec., et al. v. Lytle Coal Co. et al., 332 Pa. 394, 396, and Alsop v. Riker, 155 U. S. 448.

In Gribben v. Carpenter et al., 323 Pa. 243, at 250, it is said: "Delay which injures no one will not furnish reason for refusing relief". The same principle is expressed in Stecko et al. v. Salak et al., 114 Pa. Superior Ct. 483, 492, and cases cited therein.

There was no laches attributable to appellant in this case. Guided by his lawyer he made an attempt to probate the last will of decedent promptly upon his death by a proceeding which could not be supported by our practice. Sometime after he presented his petition without an appeal from the decree of the register he abandoned it, and two months after the time fixed by the statute for making certain titles having their source by administrative grants or conveyances by heirs, he appealed from the decree of the register and presented his petition to open the decree. Petitioner cannot be charged with any delay under the facts in this case. No court would consider validating the title of legatees or devisees of a forged will. Whatever transfers had been made to them could be recovered by proceedings in the orphans' court: Slaglis' Estate, 335 Pa. 552. Not so, however, if the titles of innocent purchasers for value were made certain by the lapse of time fixed by the statute.

The probated will is not the last will. The writings offered in evidence and barred from probate by the decree of this court are decedent's last will and codicil or codicils. The decree dismissing the petition would perpetuate the wrong done and would support other cases arising in the future. The decree will be reversed.

## Decree

And now, to wit, October 23, 1939, it appearing in the proceedings on appeal to this court from the register's decree of probate that the probated will is not the last will and testament of decedent, it is ordered, adjudged, and decreed that the decree dismissing the petition to open the decree of probate be reversed, that the decree of probate be opened, and the record remitted to the register of wills with directions to appellant to produce before him the writings purporting to be the last will and codicils of decedent and proceed to make the proof of their execution and validity in the usual manner.