**In the Matter of the ESTATE of Anna I. CUTSINGER, Deceased.**

**No. 42830.**

Supreme Court of Oklahoma.

Sept. 17, 1968.

Rehearing Denied Oct. 15, 1968.

Dick Bell, Frank Seay, James W. Pipkin, by Frank Seay, Seminole, for plaintiffs in error.

Bishop & Wantland, Seminole, for defendants in error.

BLACKBIRD, Justice.

This is an appeal from an order of the Superior Court of Seminole County admitting the will of Anna I. Cutsinger to probate, and appointing Jessie Dorsey, the executrix named therein, as executrix of said testator's estate. The principal beneficiaries in the will are certain of the testator's nieces. The contestants are other nieces, and a stepdaughter. Some, including the executrix, Jessie Dorsey, who is not related to testator, are left small bequests in the will.

Proponents will hereinafter be referred to as "proponents", and contestants, as "contestants".

The instrument purporting to be the last will and testament of the deceased was

executed on April 19, 1967. Deceased died on August 3, 1967.

There is no serious contest as to the mental capacity of the deceased to execute a will on the date the subject will was executed.

Contestants contend that the purported will was not attested as required by Tit. 84 O.S.1961, § 55, as amended by S.L.1961, p. 636, § 1, and S.L.1965, chap. 11, § 1, pp. 6 and 7 (Tit. 84, O.S.1965 Supp., § 55). Said statute, as amended, reads as follows:

"Every will, other than a nuncupative will, must be in writing; and every will, other than a holographic will and a nuncupative will, must be executed and attested as follows:

"1. It must be subscribed at the end thereof by the testator himself, or some person, in his presence and by his direction, must subscribe his name thereto.

"2. The subscription must be made in the presence of the attesting witnesses, or be acknowledged by the testator to them, to have been made by him or by his authority.

"3. The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will.

"4. There must be two attesting witnesses, each of whom must sign his name as a witness *at the end of the will* at the testator's request and in his presence.

"5. Such a will or testament may, at the time of its execution or at any subsequent date during the lifetime of the testator and the witnesses, be made self-proved, and *the testimony of the witnesses in the probate thereof may be made unnecessary* by the acknowledgment thereof by the testator and the affidavits of the attesting witnesses, each made before an officer authorized to take acknowledgments to deeds of conveyances and to administer oaths under the laws of this State, such acknowledgments and affidavits being evidenced by the certificate, with official seal affixed, of such officer attached or annexed to such will or testament in form and contents substantially as follows:

"THE STATE OF OKLAHOMA
"COUNTY OF _____

"Before me, the undersigned authority, on this day personally appeared _____, _____, and _____, known to me to be the testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me first duly sworn, said _____, testator, declared to me and to the said witnesses in my presence that said instrument is his last will and testament, and that he had willingly made and executed it as his free and voluntary act and deed for the purposes therein expressed; and the said witnesses, each on his oath stated to me, in the presence and hearing of the said testator, that the said testator had declared to them that said instrument is his last will and testament, and that he executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said testator and

at his request and that said testator was at that time eighteen years of age or over and was of sound mind.

_____
Testator

_____
Witness

_____
Witness

"Subscribed and acknowledged before me by the said _____, testator, and subscribed and sworn before me by the said _____, and _____, witnesses, this _____ day of _____, A.D. _____.

SIGNED _____

(Seal)

_____

(Official Capacity of Officer)

"A self-proved will _shall be admitted_ to probate _without_ the _testimony of any subscribing witness,_ but otherwise it shall be treated no differently than a will not self-proved.  In particular and without limiting the generality of the foregoing, a self-proved will may be contested, revoked, or amended by a codicil in exactly the same fashion as a will not self-proved." (Emphasis added.)

———◆———

The pertinent portions of the will admitted to probate in this case, omitting paragraphs making specific bequests, are as follows:

"LAST WILL AND TESTAMENT

"KNOW ALL MEN BY THESE PRESENTS:

"That I, Anna I. Cutsinger, of Seminole, Oklahoma, do make, publish and declare this to be my Last Will and Testament, revoking all other and former Wills and Codicils by me at any time made.

"I am a widow and I have no children.

"  *   *   *

"IN WITNESS WHEREOF, I have to this my Last Will and Testament, _consisting of these three_ sheets of paper, _including the attestation hereof,_ subscribed my name on each sheet thereof, on this Apr. 19 1967 at the law offices of Bishop & Wantland in Seminole, Oklahoma.

(signed)  Anna I. Cutsinger

Anna I. Cutsinger

"State of Oklahoma

ss

County of Seminole

"Before me, the undersigned notary public, on this day Apr 19 1967, personally appeared Anna I Cutsinger, to me known to be the testatrix, and the witnesses whose names are hereinafter set forth and who signed this Last Will and Testament as witnesses.  I further certify that said instrument is her Last Will and Testament and that she has voluntarily executed the same as her free and voluntary act and deed and for the purposes therein expressed; and the said witnesses, each on their oath stated

to me, in the presence and hearing of the testatrix that said testatrix had declared to them that said instrument is her Last Will and Testament, and that she executed the same as such and wanted each of them to sign same as a witness. Upon their oaths each witness further stated that they did sign the same as witnesses in the presence of the testatrix and at her request, and that said testatrix was at that time eighteen years of age or over and was of sound mind.

| Name | Address |
|------|---------|
| /s/ Anna I. Cutsinger | Seminole, Oklahoma |
| /s/ Allen H. Bunch | Seminole, Oklahoma |
| /s/ William M. Bishop | Seminole, Oklahoma. |

"Subscribed and acknowledged before me by the said Anna I. Cutsinger, testatrix, and subscribed and sworn before me by the two witnesses whose names and signatures appears above this Apr 19 1967.

/s/ Thelma Norman
Notary Public

My commission expires 5–20–67"

(Emphasis added.)

———◆———

Contestants contend that the will admitted to probate is a nullity because it does not contain the usual attestation clause with the signatures of the subscribing witnesses. Our statute does not require the attestation clause to be in any particular form. The only requirement of the Oklahoma Statute is that there "must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will at the testator's request and in his presence." From the will, as depicted above, it will be observed that witnesses signed the sworn "attestation" statement, reciting that the signatures were affixed "in the presence" of each other, and "in the presence" of the testatrix. The mere fact that the attestation, in form, resembled an affidavit, does not destroy its validity.

We have held that "it is not necessary that the attestation clause of witnesses be attached to the will in order to make the will valid." (In re Me-hun-kah's Estate, 78 Okl. 214, 189 P. 867, Ward et al. v. Board of County Commissioners, 12 Okl. 267, 70 P. 378); but here, the sworn statement, which was entitled "Attestation", and treated as the attestation clause was more

than "attached"—it was *on the same page of paper* as the last "ARTICLE" of the Will, and may be said to have been incorporated into the Will, by words of reference therein. In physical form, it is in no material respect different from the will involved in In re Leitstein's Will, 46 Misc.2d 656, 260 N.Y.S.2d 406, in which the court held that the signatures of the attesting witnesses were "at the end of the will" under the New York Statute, which, like Sec. 55, supra, makes that requirement. In so holding, said court noted that that will, like the one here, contained "no dispositive or essential provisions following the signature of the testatrix, or the witnesses." In the present case, the proponents did not use the sworn "attestation" statement to establish the will as "self-proved", but, instead, the two subscribing witnesses *testified* that the will was signed by the testatrix in the presence of each of them, and that they signed the will as subscribing witnesses at the request of the testatrix, in her presence and the presence of each other. They also testified that the testatrix was of sound mind, mentally capable to execute a will, and, at the time of signing the will, re-

quested them to sign as witnesses to its execution. This proof, in and of itself, established compliance with the provisions of § 55, supra, in the execution of the will.

█ Contestants urge that the herein-before cited 1961 and 1965 amendments were adopted from Texas, and they cite the Texas cases of Boren v. Boren (Tex.Sup. Ct.1966) 402 S.W.2d 728, and McGrew v. Bartlett (Tex.Civ.App.1965) 387 S.W.2d 702, as being controlling. The 1955 amendment to Texas Code § 59, providing for "self-proved" wills is practically the same, but not identical, with the 1961 and 1965 amendments to § 55, supra. In the cited Texas cases, the subscribing witnesses signed only the affidavit seeking to establish the will to be "self-proved". In each case, the subscribing witnesses testified that the will was executed and signed in his presence. Particularly in the Boren case, the evidence is not as clear as the evidence of the subscribing witnesses in the present case. The Texas courts denied probate, holding the self-proving affidavits were separate documents, and inadequate, as proof, that the wills were actually attested by the subscribing witnesses. Those cases are not controlling here. We are committed to the rule that the attestation "clause" of a will need not be in any particular form, and the entire absence, from it, of such clause, does not invalidate the will. In re Me-hun-kah's Estate and Ward et al. v. Board of County Commissioners, supra. As we consider the present case distinguishable from the cited Texas cases, we need express no opinion as to the courts' reasoning therein.

In accord with the foregoing, we hold that the attestation of the will involved here was in substantial compliance with the provisions of sec. 55, supra, on that subject, and that the trial court committed no error in admitting it to probate because of the manner in which its execution was attested. Said court's order and/or judgment is hereby affirmed.

All the Justices concur.