The authority with which the defendants thus invested their general business manager does not appear to be restricted or revoked by anything in the agreement that preceded or follows the clause above quoted. The next preceding clause appears to have been intended to operate merely as a restriction on the general authority of the partners themselves, and their subsequent course of action in devolving nearly everything on their manager, as appears by the testimony, is in harmony with that construction.

But, inasmuch as this case goes back for trial by jury, it is not our purpose to enlarge upon the effect of the evidence, either written or oral, further than to say that it is such that the court was not justified in refusing to take off the judgment of nonsuit. Further comment is neither necessary nor desirable.

Judgment reversed and a procedendo awarded.

## Pennock, Adm'r, *v.* Kennedy, Appellant.

*Affidavit of defence—Suit on bond for dower—Assignment.*

In an action on a bond to secure the payment of the principal of dower after the death of the widow, an affidavit of defence is insufficient which avers that defendant " believes he never signed said bond, nor authorized anyone to do so ; " and that plaintiff's intestate had sold and assigned all his interest in the estate of his father, and had " agreed to relinquish all future rights to any part of his mother's dower."

Argued Feb. 8, 1893. Appeal, No. 12, Jan. T., 1893, by defendant, Ebenezer F. Kennedy, from order of C. P. Chester Co., Aug. T., 1892, No. 12, making absolute rule for judgment for want of sufficient affidavit of defence, in favor of John S. Pennock, administrator of John S. Kennedy, deceased. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit on bond to secure payment of principal of dower after death of widow.

The affidavit of defence was as follows :

" Deponent believes he never signed said bond nor authorized anyone to do so.

" The said John S. Kennedy sold and assigned all his inter-

est, in and to the estates of James Kennedy his father, and Al-canzer J. Kennedy his brother, on or about the time the said John S. Kennedy moved to the state of Maryland in the spring of 1867. That by a family settlement, on or about said time, the said John S. Kennedy agreed to relinquish all future rights to any part of his mother's dower; that said bond on its face shows that it was given for the purpose of securing to the said John S. Kennedy a portion of said dower, all of which said portion has been since the date of said bond sold and assigned to the other heirs of James Kennedy deceased, the father of said deponent, who now owns the whole of his said father's estate by various agreements and conveyances."

The court, WADDELL, P. J., made absolute a rule for judgment for want of sufficient affidavit of defence.

*Error assigned* was order of court as above.

*W. S. Harris,* for appellant, cited, Lash v. Von Neida, 109 Pa. 207; Church v. Jones, 132 Pa. 462; Knerr v. Bradley, 105 Pa. 190; Hogg v. Orgill, 34 Pa. 344; Allegheny v. McCaffrey, 131 Pa. 137.

*S. D. Ramsey,* for appellee, not heard, cited: Allen v. Germantown Bank, 10 W. N. 188; Peck v. Jones, 70 Pa. 83; Kaufman v. Cooper Iron Co., 105 Pa. 541; Hiester v. Schwenck, 1 Woodw. Dec. 287; Markley v. Stevens, 89 Pa. 279; Fox v. Sheldrake, 1 Del. Co. R. 22; McBrier v. Marshall, 126 Pa. 390; Johnson v. Blair, 126 Pa. 426; Heistand v. Williamson, 128 Pa. 122; McKracken v. Congregation, 111 Pa. 106; Kaufman v. Cooper Iron Co., 105 Pa. 541; Gould v. Gage, 118 Pa. 559; Willard v. Reed, 132 Pa. 5; Winsor v. Bank, 81* Pa. 304; Black v. Halstead, 39 Pa. 64; Thompson v. Clark, 56 Pa. 33.

PER CURIAM, February 20, 1893:
Judgment affirmed.