## Peabody, Appellant, v. Carr et al.

Argued September 29, 1933. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

326

*John E. Evans,* with him *Charles J. Margiotti,* for appellant.

*Charles F. C. Arensberg,* of *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY MR. JUSTICE LINN, November 27, 1933:

This action is for conspiracy to defraud. Only one of the three defendants was served. He obtained a rule to show cause why the suit should not be nonprossed on the ground that the statement of claim disclosed that the cause of action arose in 1919 and was therefore barred by the statute of limitations. After an amended answer to the petition for the rule was filed, the court heard argument and made the rule absolute.

The judgment must be reversed for want of authority to sustain it. The Practice Act of 1915, P. L. 483, provides the method of pleading the bar of the statute of limitations. Section 3 is as follows: "Pleas in abatement, pleas of the general issue, payment, payment with leave, set-off, the bar of the statute of limitations, and all other pleas are abolished. Defenses heretofore raised by these pleas shall be made in the affidavit of defense." In making the rule absolute, the court below relied on Prettyman v. Irwin, 273 Pa. 522, 117 A. 195. In the

briefs nothing is said on the subject. Prettyman v. Irwin does not support the order. In that case suit for death was brought in time but the writ was returned nihil habet. No appearance was entered and no further writ was issued until more than two years later when an alias writ was issued and served. Defendant then filed a statutory demurrer, under section 20 of the Practice Act, to interpose the defense of plaintiff's laches, not the bar of the statute of limitations. On these facts, the court below entered judgment for the defendant. We reversed on the ground that the point could not be determined in that way.

Laches is governed by equitable principles. In Potter Title & Trust Co. v. Frank et al., 298 Pa. 137, 141, 148 A. 50, we said: "Laches does not depend on the statute of limitations, but on whether due diligence has been shown and, if not, whether the delay has been prejudicial to the adverse party: McGrann v. Allen et al., 291 Pa. 574, 140 A. 552. See also Townsend v. Vanderwerker, 160 U. S. 171." Accordingly, in Prettyman v. Irwin, we said that whether the particular writ was issued in time, in a suit originally brought within the period of limitation, might be determined by the equitable procedure of granting a rule to show cause why judgment of non pros. should not be entered for want of due prosecution and thereby afford a hearing for the determination of the facts, with opportunity, if an issue of fact was raised, to have the fact determined by a jury at the trial of the other issues involved, and, if not, to have the legal question decided by the court. The case dealt, not with the statute of limitations, but with delay in proceeding in a suit in which the original writ was issued in time, and reference was made to Waring v. P. R. R. Co., 176 Pa. 172, 35 A. 106, and other cases applying the same principle. The same distinction was also noticed in First Pool Gas Coal Co. v. Wheeler Run Coal Co., 301 Pa. 485, 489, 152 A. 685; see, too, Rosenzweig v. Heller, 302 Pa. 279, 283, 153 A. 346. As plaintiff sued in assumpsit we

need not now consider how the statute of limitations may be raised in actions of trespass: cf. Hartig v. American Ice Co., 290 Pa. 21, 35.

The judgment is reversed with a procedendo.