## Peabody *v.* Carr, Appellant.

Argued October 3, 1934. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*E. C. Higbee,* of *Higbee, Matthews & Lewellyn,* for ap-
pellant.

*John E. Evans, Sr.,* with him *Charles J. Margiotti* and
*Alex. Z. Goldstine,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 26,
1934:

Plaintiff sued defendant and two others in assumpsit
to recover the sum of $200,000 with interest, alleging in
his statement of claim that defendants entered into a con-
spiracy to defraud him of that amount in connection with
a business transaction consummated in December, 1919.
See Peabody v. Carr, 313 Pa. 325. The substance of the
declaration is that defendant Carr, attorney and adviser

of plaintiff, was engaged by the latter to secure an option for the purchase of the coal and coke property of the Orient Coke Company; that defendant secured such an option in which the purchase price was $2,500,000; that Carr, in connivance with defendants Miller and Fry, who were officers and directors of the coke company, agreed to represent to plaintiff that the purchase price was $2,-700,000; and that defendants further conspired to keep for themselves the additional $200,000 thus obtained from plaintiff. The affidavit of defense, in addition to denying all material averments of the statement of claim, sets up new matter in which it is averred that the option to purchase the property was secured by Carr independently and in his own right, that Carr was not acting as plaintiff's attorney, but that at plaintiff's request the option was sold to one Rhoads, an intimate friend of plaintiff and officer of one or more corporations managed by plaintiff. Defendant further avers plaintiff proposed to create a new corporation and desired to have the transaction handled in the name of Rhoads. In support of the averments of the affidavit, defendant attached two documents, referred to as Exhibits "A" and "B." The former purports to be a statement signed by plaintiff, acknowledging that defendant, in negotiating for the option, was not acting as agent, attorney, trustee or in any other fiduciary capacity for plaintiff, and that if the option was obtained by defendant he would be free to retain it for his own use or assign it to plaintiff or any other party upon his own terms. Exhibit "B" is a memorandum, signed by Rhoads, which recites that the option was purchased from Carr by Rhoads, as trustee, for the sum of $200,000, and states that the purchase price of the coke plant was $2,500,000. Plaintiff's reply to the new matter set up in the affidavit denies the allegations contained therein, and avers the papers referred to as Exhibits "A" and "B" were not "knowingly" signed by the parties whose names appear thereon, but were procured by fraud and trickery and as a result of the confidence and trust re-

posed by plaintiff in defendant. A motion for judgment for want of a sufficient reply to the "new matter" contained in the affidavit of defense was made by defendant Carr. Upon refusal of the court below to grant the motion, the present appeal was taken.

We are of opinion this is not such a clear case as warrants entering summary judgment. Although it is true, as contended by appellant, that the signatures to Exhibits "A" and "B" are not sufficiently denied (Woods v. Watkins, 40 Pa. 458; Pennock v. Kennedy, 153 Pa. 577), and no facts are alleged to support the charge of fraud in procuring the papers (Levine v. Pittsburgh State Bank, 281 Pa. 477), nevertheless, as we have frequently said, we will not foreclose a cause of action for want of skill in the pleader: Rhodes v. Terheyden, 272 Pa. 397; Stevens v. Smith, 310 Pa. 287. The claim in this case is for a large amount of money and arises from a complicated business transaction. The pleadings contradict each other upon nearly every fact necessary to a clear understanding of the true relations between the parties. Defendant's Exhibits "A" and "B," if substantiated, would appear to be a complete defense, but they are met by the assertion, however imperfectly pleaded, that they were obtained by fraud, and an unequivocal denial is made that assent was ever given to any such agreement as therein stated. The case is certainly not clear and free from doubt, and in like circumstances judgment should never be entered on the pleadings: Pyles v. Bosler, 308 Pa. 297. "Doubtful cases should go to trial, especially those involving intricate relations demanding an inquiry into the facts of the controversy": Helfenstein v. Line Mountain Coal Co., 284 Pa. 78, 81. See also McSorley v. Little, 307 Pa. 316.

The order of the court below is affirmed at appellant's cost.