Peabody, Appellant, *v.* Carr.

Argued October 12, 1936.  Before KEPHART, C. J., SCHAFFER, DREW, LINN and STERN, JJ.

*John E. Evans, Sr.,* with him *Sebastian C. Pugliese,* of *Margiotti, Pugliese, Evans & Buckley,* and *Goldstein & Goldstein,* for appellant.

*E. C. Higbee,* of *Higbee, Matthews & Lewellyn,* for appellee.

OPINION BY MR. JUSTICE DREW, November 23, 1936:

This is an action of assumpsit to recover $200,000 alleged to have been fraudulently obtained and withheld from plaintiff.  Defendant Carr had long been attorney for several corporations in which plaintiff occupied responsible official positions.  Two other defendants, who were not served, were officers of the Orient Coke Com-

pany. The gravamen of the complaint is that defendant was instructed to procure for plaintiff an option on property of the Orient Company; that Carr secured an option to purchase the property for $2,500,000, but represented the purchase price to plaintiff as $2,700,000; and that defendants as the result of a conspiracy between them obtained the additional $200,000 from him. The affidavit of defense denied the material allegations here relevant and set up as new matter that defendant took the option solely on his own account and dealt at arm's length with one Rhoads, plaintiff's representative, in the subsequent negotiations for the purchase of the property by the latter for plaintiff. Two exhibits were attached in support of these averments. One was a statement purportedly signed by plaintiff declaring that defendant in negotiating for the option was not acting in any fiduciary capacity and that he would be free to retain the option, if secured, or to transfer it upon his own terms. The other was a memorandum, signed by Rhoads, as trustee for plaintiff, reciting purchase of the option for the sum of $200,000, the purchase price of the property itself being set forth therein as $2,500,000. The transaction complained of occurred in 1919. The present action was instituted in 1933. A directed verdict for defendant was followed by refusal of a new trial whereupon plaintiff appealed.

This is the third time this matter has come before us in the past three years. In 313 Pa. 325 we held that the statute of limitations should be pleaded in the affidavit of defense and, consequently, that a judgment on a rule to show cause why the suit should not be nonprossed as being barred by the running of the statute was without legal effect. In 316 Pa. 413 we concluded that judgment for want of a sufficient reply to new matter was properly refused because of the complicated nature of the transaction, and declined to foreclose a cause of action for want of skill in the pleader. We there pointed out, at page 416, speaking through the late Chief Justice,

that defendant's exhibits, above described, "if substantiated, would appear to be a complete defense, but they are met by the assertion, however imperfectly pleaded, that they were obtained by fraud, and an unequivocal denial is made that assent was ever given to any such agreement as therein stated." To the facts as there recounted it need only be added that at trial in the court below, where the merits of the cause were first clearly revealed, assent was proven when plaintiff admitted the signature was his own although he professed no recollection of ever having entered into the agreement. Execution of the other exhibit was admitted by Rhoads.

The sole questions are whether the signatures are genuine, and if so, whether they were procured by fraud, accident or mistake. The answer to the first has been conclusively determined by the evidence. If the response to the second is in the negative then the substantiation at trial specified in 316 Pa. 413 is present. Plaintiff's evidence does not disclose fraudulent procurement. He could not even recollect affixing a signature admittedly his to such an important instrument. The assertion that he frequently signed papers prepared by others without perusal is no proof of fraud. Plaintiff was an experienced and successful business man able to read and write. If he failed to scrutinize documents submitted for his signature he was guilty of supine neglect. The exhibits constitute a complete defense; their effect is not modified by any alleged confidential relationship between plaintiff and Carr. It is true that an attorney in dealing with his client is bound to make full and fair disclosure of all material facts. The difficulty is that the evidence completely failed to show such relationship, and the court did not err in so declaring as a matter of law: see *Leedom v. Palmer*, 274 Pa. 22, 25. On the other hand, defendant's evidence was to the effect that he had previously held another option on the same property in his own behalf and that he rather than plaintiff

was the primary initiator of the purchase here involved. The burden was upon the plaintiff to establish on all the evidence his right to recover. This he did not do.

In this view of the matter it is not necessary to consider the other assignments of error.

Judgment affirmed.