## Herman v. Herman

*J. Manley Robbins*, for petitioner.
*R. S. Hemingway*, for respondent.

EVANS, P. J., April 9, 1937.—This attachment proceeding comes before the court on petition and answer to dismiss. The parties are husband and wife. They were married on April 4, 1908. On May 17, 1913, at the suit of G. Lewis Herman, the husband, a subpœna in divorce was awarded against Ida R. Herman, the wife, returnable the

first Monday in July 1913. Personal service was made on the wife by the Sheriff of Northampton County May 21, 1913. On August 11, 1913, on petition of the wife, a rule was granted on the husband to show cause why an order should not be made against him for alimony pendente lite, counsel fees and expenses of witnesses, returnable sec. leg. Depositions were taken on March 27, 1914, pursuant to the rule; on April 14, 1914, R. S. Ammerman, libellant's attorney, accepted notice of the filing of the depositions. On the back of the petition for alimony and counsel fees there is endorsed, in the handwriting of the court, an order reading:

"And now, April 23, 1914, the rule granted August 11, 1913, is made absolute; and a counsel fee of $20 is allowed respondent's counsel; $20 is allowed for fees and expenses of witnesses; and alimony at the rate of two dollars per week is allowed respondent until the further order of the Court. Payment of alimony to be made on the 30th of each month to date from April 1st, 1914. Counsel fee, allowance for witnesses and alimony to be paid to the Prothonotary for the use of the parties entitled thereto; all proceedings to stay until this order is complied with."

The order was not complied with and does not appear to have been noted on the record in the suit for divorce.

December 16, 1936, on petition of Ida R. Herman, the wife, this rule was granted on G. Lewis Herman, the husband, to show cause why an attachment should not issue against him to enforce the order of the court made on April 23, 1914, and praying that he should be adjudged in contempt of court for failing to comply with the order and requiring him to pay to her the sum of $2,358 arrears of alimony due and owing to her as of December 1, 1936.

In the wife's petition of August 11, 1913, the application was for "alimony pendente lite". Pendente lite is a Latin expression defined as meaning pending the continuance of an action, while the litigation continues: 48 C. J. 781; Herbertson v. Herbertson, 30 Dist. R. 692.

Bouvier defines the Latin expression "pendente lite" as meaning: "Pending the continuance of an action; while litigation continues."

There is no doubt attachment is the appropriate remedy to enforce an order for the payment of alimony pendente lite allowed in a divorce proceeding: Wallen v. Wallen, 1 Dist. R. 684; Elmer v. Elmer, 150 Pa. 205; Mann v. Mann, 7 W.N.C. 507.

It does not appear from the files or the appearance docket in the divorce proceeding that the order that plaintiff in this attachment proceeding now seeks to enforce against libellant in the divorce proceeding and defendant in this attachment proceeding was ever served on him or his attorney of record in the divorce proceeding. In paragraph 4 of defendant's answer in this attachment proceeding he avers, on oath, that said order of court was never served on him; that he never knew such order had been made until some time in December 1936, when he learned for the first time, from plaintiff's attorney in this attachment proceeding, that such order had been made in his divorce proceeding against his wife on April 23, 1914. These averments must be accepted as true in the light of the pleadings. On a rule for judgment, facts averred in the affidavit of defense must be taken as true: Lackawanna Trust Co. v. Carlucci, 264 Pa. 226; Chase National Bank v. Krouse, 316 Pa. 283; Peabody v. Carr, 316 Pa. 413.

This proceeding should not have been docketed to a new number and term, but rather have been given the number and term of the divorce proceeding. This matter, however, is of no consequence; amendment could be made.

The law regarding the necessity of service of an order of court on a defendant before the granting of an attachment for contempt is clearly stated in 1 Standard Pennsylvania Practice 81, 82:

"Punishment for contempt not committed in the presence of the court is only inflicted after notice. At one time it seems to have been the generally recognized rule in

Pennsylvania courts of first instance that a party could not be adjudged guilty of contempt of court for disobedience of a judicial order unless it was shown that the order in question had been 'personally served' upon him, and, ordinarily, there must be a previous service of a copy of the order, and a rule to show cause must precede the granting of an attachment for contempt for violation or disregard of the process and order of a court; yet it has been recognized that in equity the necessity of personal service to found an attachment is 'a matter within the discretion of the court.' The former rule is so modified as to require only such previous notice as will afford the parties an opportunity of being heard; those to whom an order is addressed and who know of the existence of the court's decree are just as guilty of a contempt for a violation of it as those who have had actual service. In other words, liability exists where the parties had actual notice, in the sense of personal knowledge, although no order had been served upon them, and this for the reason that the law does not permit one who knowingly acts in contempt of its decrees to escape liability on a technicality. Thus, one accused of contempt, and having direct knowledge of the proceedings against him therefor, cannot avail himself of the fact that the order was not served upon him."

In the instant case the order plaintiff now seeks to enforce in this attachment proceeding against defendant was never served on him. He never knew such order had been made until some time in December 1936, when he learned for the first time from plaintiff's attorney that such order had been made on April 23, 1914, in the divorce proceeding he had commenced against his wife on May 17, 1913. More than 22 years have elapsed since the making of the order and before this attachment proceeding to enforce the same was commenced.

We believe the plaintiff wife has been guilty of laches, and that it would be most inequitable to enforce the order made on April 23, 1914, and require libellant in the di-

vorce proceeding and defendant in this attachment proceeding to pay his wife in the abandoned divorce proceeding alimony pendente lite to the amount of $2,385 at this time. We are therefore of the opinion the rule should be discharged.

And now, April 9, 1937, rule discharged. An exception is allowed petitioner.
From L. G. Rarig, Danville.