## Wilson v. City of Chester

*Elgin E. Weest,* for plaintiff.
*A. A. Cochran,* for defendant.

MACDADE, J., November 20, 1939.—The matter under immediate consideration is a rule entered by defendant, City of Chester, upon plaintiff, John Wilson, to show cause why a judgment of non pros. should not be entered because, as defendant alleges:

"1. That a writ of trespass was caused to be issued in the above-entitled cause by John Wilson, plaintiff above named, on June 22, 1939.

"2. That the said writ in trespass, together with a copy of the statement of claim in the above cause, was served upon the said defendant on June 27, 1939.

"3. That paragraph 4 of the said statement of claim avers that the cause of action arose on January 26, 1939.

"4. That by virtue of the Act of July 1, 1937, P. L. 2547, any person claiming damages from any city or other municipality arising from the negligence of such municipality or any employe thereof, shall, within six months from the date of origin of the negligence com-

plained of, file in the office of the clerk or secretary such claim, stating briefly the facts upon which the claim is based.

"5. That no notice in writing of any claim has been filed with the said defendant's clerk from the date of the happening of said cause up and until the present date.

"6. That pursuant to the mandatory direction in the said act of assembly no cause of action may be validly entered of record where there was a failure to file such notice within the time required by the said act."

Hence the matter resolves itself into the question of law: Is notice of claim under the Act of 1937, supra, requiring notice of negligence to a municipality within six months, necessary where suit is entered within the said six months?

This necessarily compels us to examine the factual situation.

The above action of trespass was begun on June 22, 1939, returnable the first Monday of July 1939, and according to the sheriff's return service of the writ, together with a copy of plaintiff's statement of claim, was made on June 27, 1939. On August 17, 1939, the City of Chester filed a præcipe against Hugh F. McCaffery and Lucy K. McCaffery, the owners of the property, as additional defendants, and as they were not within the State of Pennsylvania, but were outside of the United States, the sheriff under the Act of July 2, 1937, P. L. 2747, forwarded the writ to the Secretary of the Commonwealth by registered letter, served the two additional defendants addressed to the United States Army Corps, Luke Field, Hawaii, and so returned to the Sheriff of Delaware County.

The date of the origin of the claim was January 26, 1939.

The Act of July 1, 1937, P. L. 2547, provides as follows:

"That hereafter any person . . . claiming damages from any county, city, borough, town, township, school

district or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

After the issuance and the service of the papers upon Mr. Newsome, the clerk of council and city clerk, on August 1, 1939, counsel for plaintiff and A. A. Cochran, counsel for defendant, entered into a stipulation regarding an amendment to be made to the statement of claim, which was duly signed by counsel for both parties and filed of record on August 15, 1939. The record shows that A. A. Cochran, as city solicitor, entered a suggestion and præcipe to join Hugh F. McCaffery and Lucy K. McCaffery as additional defendants, and on that day the writ was issued. On September 28, 1939, counsel for plaintiff received a copy of a petition requesting the court to enter a non pros. in the above case, claiming that the suit as brought violated the provisions of the Act of July 1, 1937, P. L. 2547. It is upon this proposition that the case now comes before the court.

We cannot understand the sudden awakening of defendant to the situation as it now presents itself, when a general appearance was already entered by its solicitor, a stipulation entered into for an amendment to plaintiff's statement of claim, and steps taken by it too to bring upon the record additional defendants. It would seem to us that this is a belated action and savors of laches, which may be deemed to be whether due diligence has been

shown: McGrann v. Allen et al., 291 Pa. 574; Fidelity-Philadelphia Trust Co. et al. v. Simpson, 293 Pa. 577; Peabody v. Carr et al., 313 Pa. 325.

This rule is stated again in Bangert v. Provident Trust Co., Exec., et al., 314 Pa. 442, 446:

" 'The question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute or prosecute his proceeding: Townsend v. Vanderwerker, 160 U. S. 171.' "

See also Kinter v. Commonwealth Trust Co., Exec., et al., 274 Pa. 436, Benner et al. v. Tacony Athletic Assn. et al., 328 Pa. 577, First National Bank of Pittston, Exec., et al., v. Lytle Coal Co. et al., 332 Pa. 394, 396, Alsop v. Riker, 155 U. S. 448, and Gribben v. Carpenter et al., 323 Pa. 243, 250.

It would appear to us that due diligence has not been exercised in presenting this rule. And besides a general appearance usually cures all irregularities. However, it is not necessary to make a final determination depending upon our resolve in these respects, but there is ample decisional law to support a decision that the rule herein must be discharged.

See O'Hara v. City of Scranton, 35 D. & C. 42 (decided March 22, 1939).

In that case a motion was made to strike off an amended statement of claim. Plaintiff claimed damages from the city for injuries when she stumbled and fell into a hole in the sidewalk on April 29, 1938, and a demand for damages was sent to the Council of Scranton by plaintiff's attorney on May 12th, which was duly filed by the city clerk. Plaintiff's statement of claim was served on the city solicitor on Setpember 15, 1938, less than six months after the date of the accident. The reason alleged in the motion to strike off was because of lack of averment

of proper notice to the city, and because plaintiff did not file with the clerk or secretary of the city a notice in writing of such claim, stating briefly the facts upon which the claim was based. The City of Scranton is a city of the second class A and a city within the provisions of the act. Leach, P. J., was of the opinion that under the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, the intention of the legislature may be ascertained by considering the mischief to be remedied and the object to be obtained, and the object to be obtained was the giving of notice to the municipality in time to prepare a defense, and that the notice in writing made to the Council of the City of Scranton by plaintiff's attorney, which was filed with the city clerk, and the service of plaintiff's statement of claim on the city solicitor, within six months after the date of the accident, was a sufficient compliance with the provisions of the act.

Another case of interest is Johnston v. Canonsburg Borough, 34 D. & C. 123.

See also McQuillin, Municipal Corporations, 2d ed., sec. 2888.

The Johnston case, supra, upon which defendant relies, is not exactly in point. The case therein was not started in six months, while in the instant case it was instituted within five months and defendant has taken active steps to perfect its defense, as noted hereinbefore, before filing this motion. The time in the case cited had lapsed for commencing suit when the plaintiff came before the court with a petition for leave to commence suit. The facts in said case show that there was no reason why plaintiff could not have commenced suit within the six-month period or have given notice, as she had talked at different times with different officials of the defendant borough regarding her injuries, and the court in refusing the petition stated that it was merely refused on the ground that there was no reasonable excuse offered by plaintiff in the case.

In passing this act it must be conceded that there was a mischief to be remedied of having stale claims brought. against a municipality long after there was any chance for it to secure witnesses, and the object to be attained was the giving of notice to the municipality in time to prepare a defense. The court in this case overruled defendant city which sought to have the statement of claim stricken off because of the failure to give a specific notice under and as required by the act, but the court held that the statement as filed within the six-month period was sufficient to comply with the act. Therefore, the court in the only case so far reported, where the facts are the same as in the case at bar, has held that the service of the statement on the municipality within the six-month period meets the requirements of the Act of July 1, 1937, P. L. 2547, sec. 1.

We, therefore, hold that the statement of claim in the instant case having been filed and copy thereof duly served upon defendant, together with the writ in trespass, within the six-month period was sufficient to comply with the provisions of the said act respecting notice.

### Order

And now, November 20, 1939, the matter of defendant's rule against plaintiff to show cause why a judgment of non pros should not be entered for failure to file a notice in writing of plaintiff's claim within six months from the date of the origin of the claim coming on to be heard by the court en banc, together with oral arguments and briefs, after due consideration of the same, the court doth order and decree that:

1. Defendant's (City of Chester) rule against plaintiff to show cause why a judgment of non pros should not be entered for failure to file a notice in writing of plaintiff's claim within six months from the date of the origin of the claim be and is hereby discharged sec. reg. et sec. leg.