## Hassel v. Baker

*Bowman & Bowman*, for plaintiff.
*Mark E. Garber*, for defendant.

REESE, P. J., March 5, 1942. — Plaintiff herein brought an action of trespass on a cause of action alleged in his statement to have occurred on December 7, 1937. The action was instituted on March 19, 1940. The applicable statute of limitations required that the action be brought within two years. Defendant filed an affidavit of defense, setting forth that the action was not begun within the limitation of time provided by the statute, as is fully shown by the record of the case and plaintiff's statement. Thereafter defendant filed a motion for judgment on the pleadings.

It has been held that, in an action of assumpsit, the defense that the statement of claim discloses that the cause of action is barred by the statute of limitations is not properly raised by a rule for a non pros: Peabody v. Carr et al., 313 Pa. 325. Our appellate courts have

not, however, determined this question with reference to actions of trespass where the statement of claim discloses that the cause of action is barred by the statute of limitations. In several decisions of the courts of common pleas rendered in actions of trespass, rules for non pros on the ground that the actions were barred by the statute of limitations have been made absolute: Bertolacci v. Union Paving Co., 18 D. & C. 270; Commonwealth Trust Co., Guardian, et al. v. Pennsylvania Railroad Co., 71 Pitts. 619; Golden et al. v. Greenberg, 73 Pitts. 792; DeSimone et ux. v. Cohen, 86 Pitts. 375; 5 Standard Pa. Practice 40.

We can treat defendant's motion for judgment on the pleadings as a motion for judgment of non pros. Under facts such as are here presented, it would seem to be a waste of time and expense to require a trial of the case to establish a defense on the statute of limitations. This is especially true where, as here, plaintiff has not contested the motion for judgment.

And now, March 5, 1942, judgment of non pros is hereby entered in favor of defendant and against plaintiff.