## Cummins Diesel Sales and Service, Inc., v. Ramsey

*John A. Hoober*, for plaintiff.

*Markowitz & Liverant*, for defendant.

ANDERSON, J., March 27, 1950.—This proceeding comes before the court on defendant's motion to strike off a judgment entered against him by default for fail-

ure to plead to a complaint within the prescribed 20 days.

Defendant in the petition to strike off the judgment asserts the following reasons therefor:

(a) The notice to plead to plaintiff's complaint within 20 days from the service thereof is not in conformity with Pa. R. C. P. 1025, in that the notice was not signed by either plaintiff or its attorney of record.

(b) The complaint is not in conformity with law, in that it does not appear on the true and correct copy of the original complaint, so certified by plaintiff's attorney, the date when the complaint was filed.

(c) The complaint is irregular and not in conformity with law, in that the verification thereof sets forth that plaintiff is a North Carolina corporation, whereas paragraph 1 of the complaint sets forth that plaintiff is a Delaware corporation.

(d) The verification of the complaint is not in conformity with Pa. R. C. P. 1024.

At the oral argument and in his brief defendant's counsel relied on paragraphs (a) and (d) and we will be confined to the points therein raised.

As to defendant's complaint that the notice to plead is not signed by either plaintiff or its attorney of record, we find that there is no actual written signature following the notice to plead but there does appear thereunder the printed name and address of the attorney for the plaintiff. Counsel takes the position that the notice to plead must be endorsed with the personal signature of the attorney but nowhere in the Rules of Civil Procedure do we find such mandate. Neither rule 1025 nor 1361 so directs. After all there is a reason back of most rules and the reason for the endorsement on the pleading is so that defendant will know where to serve subsequent pleadings. What more is required than the name and address of plaintiff's attorney which is exactly what is found in this instance.

True it is that judgment by default may be taken only if the complaint is properly endorsed with a notice to plead. See rule 1037(*b*) and Phillips et ux. v. Evans et ux., 64 D. & C. 347. But such endorsement is present in the instant case. ·

The other reason asserted for striking off the judgment is that the complaint is not properly verified and authenticated by plaintiff in that R. W. Carroll, the notary public who took the oath of the treasurer of plaintiff corporation, did not attach thereto a proper authentication of his commission as a notary as required by the Uniform Acknowledgment Act of July 24, 1941, P. L. 490. It is to be noted, however, that this act applies specifically to acknowledgments to legal instruments such as deeds and mortgages and does not necessarily by implication include affidavits. 3 Standard Pa. Practice §63, p. 166, in referring to affidavits to statements of claim, makes this clear cut statement: "If the affidavit is sworn to before a notary of another state, the latter is not required to affix thereto a certificate showing his authority to act as such. In the absence of proof to the contrary, it will be presumed that a notary of another state has the power to take an affidavit": Circle Machinery Corp. v. Demas, 6 Schuyl. Reg. 336; Woods v. Watkins, 40 Pa. 458. Even if such rule applied to affidavits it is quite doubtful that a judgment such as obtained here would be stricken from the record for such a purely technical reason. This was not a snap judgment taken at the very first opportune moment. The record discloses that defendant was served personally with the complaint in York County at 9:50 a. m. on October 19, 1948, while the default judgment was not entered until November 26, 1948, some 38 days later, so that defendant had almost twice as long to file a pleading as the law prescribes. Since it is the general rule that the court may refuse to strike off a judgment by default

where no explanation of the reason for the failure to file the pleading is offered, or where the excuse is insufficient, especially where the judgment is regular on its face (7 Standard Pa. Practice §170), it follows that since no valid reason for striking off the judgment has been presented, that defendant's petition to strike off must be denied. The following order is therefore entered:

And now, to wit, March 27, 1950, the rule granted January 10, 1949, to show cause why the judgment entered against defendant in this proceeding should not be stricken off, is discharged, with an exception noted.