## Cody, Appellant, *v.* Cody.

Argued April 19, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Allen N. Brunwasser*, with him *J. R. Whitman*, and *Meyer, Brubaker and Whitman*, for appellant.

*Clarke M. Seltzer*, with him *Charles V. Henry, III*, for appellee.

OPINION BY MR. JUSTICE COHEN, July 30, 1962:

Appellant, Richard F. Cody, appeals from a decree of the court below striking a default judgment taken in equity against appellees.

The issue raised herein involves an interpretation of Pa. R. C. P. 1025 which provides as follows: "Every pleading of a party represented by an attorney shall be endorsed with the name of the attorney, and every . . . party not represented by an attorney shall be endorsed with the name of the party, *together in each case with an address within the county.*" (Emphasis supplied).

In 1960, appellant confessed judgment on several notes together with the interest thereon against his father, Lewis W. Cody, a named defendant-appellee. Appellant immediately issued attachment execution against defendant-appellee, Peoples National Bank of Lebanon (Bank) and others as garnishees. By answered interrogatories, Bank revealed that it held certain stock in the name of the appellee-father under the terms of an escrow agreement and subject to a levy of the United States Internal Revenue Service for unpaid taxes.

When the sheriff did not take the stock into his possession, appellant invoked the provisions of Section

8-317 of the Uniform Commercial Code, Act of 1953, April 6, P. L. 3, as amended, 12A P.S. §8-317, and personally filed a complaint in equity against both appellee-father and Bank praying for (1) an injunction to prevent Bank from releasing the stock and (2) an order directing Bank to turn the stock over to the sheriff so that the interest of the father could be sold to satisfy the judgment. The complaint further prays that Bank be required to appear and answer the averments contained in the complaint.

The complaint notifying appellees to plead within twenty days from the date of service contained the following endorsement, which presents the main issues raised by this appeal:

> "Richard F. Cody, Plaintiff
> Local Address
> P.O. Box 80
> Lebanon, Pa.
>
> "Richard F. Cody
> First National Bank Building
> Cumberland, Maryland"

Twenty-seven days after the complaint was served upon Bank, no answer having been filed in the interim, appellant caused a default judgment to be entered against it. Appellant thereafter obtained local counsel who entered an appearance in his behalf.

Nearly a year later, Bank petitioned to strike the return of service and the judgment, and to allow it to make an answer to the complaint. In support of its petition, Bank averred that since the complaint was endorsed with a Lebanon post office box as the only local address, this was not a proper endorsement in accordance with Rule 1025 of the Pa. R. C. P., supra. The court below struck the judgment and permitted appellees to file an answer on the ground that the post office

304

box was not a sufficient address under Rule 1025. The present appeal followed.

The lower court erred in reaching its conclusion. The sole purpose of Rule 1025 was to provide an address within the county at which service could be made of copies of pleadings, motions, orders and notices in accordance with Rules 1027 and 233.

Rule 1027 provides that a party filing a pleading, other than a complaint by which an action is commenced, shall serve it on the other party or parties by one of three methods: "(1) by leaving a copy for or mailing a copy to him at the address endorsed on an appearance or prior pleading of the party, but if there is no such endorsement, then (2) by leaving a copy for or mailing a copy to him at the residence or place of business of the party or the address of the party's attorney of record, but if there is no such residence or place of business and no attorney of record, then (3) by leaving a copy for him with the prothonotary of the court in which the action was commenced for the use of the other party." The pertinent parts of Rule 233 provide: "(a) Except as otherwise specifically provided, service of petitions, rules, orders and notices may be made: (1) within the county in which the action is pending in the manner provided by Rule 1027(1) and (2); (2) outside the county in which the action is pending, whether or not within the Commonwealth, by (a) any competent adult personally; (b) sending a copy by registered mail to the last known address of the party to be served; or (c) if no address is known, by publication in such manner as the court . . . shall direct."

We have set out the above statutory rules to emphasize that mailing is a sufficient service. Neither of the rules require either personal service or a "handing" of any pleading to a party, or any other manner of service which would necessitate the physical pres-

ence of the person to be served. Indeed, Rule 1027(3) is so broad that it permits service upon the prothonotary if no other method is possible. Therefore, mailing to the address given by the party bringing the action is in compliance with the above rules. It is only in the context of Rules 1027 and 233 that Rule 1025 can be properly understood.

As stated in *Cummins Diesel Sales & Service, Inc. v. Ramsey,* 71 Pa. D. & C. 503, 504 (1950), "there is a reason back of most rules and the reason for the endorsement on the pleadings is so that defendant will know where to serve subsequent pleadings." See also *Riverside Foundry, Inc. v. Poe Machine and Engineering Corp.,* 3 Pa. D. & C. 2d 379 (1955). A post office box fulfills this purpose.

By designating a post office box in his endorsement, appellant in effect states that the box is the sole means through which he can be reached within the county and that he accepts responsibility for the receipt of pleadings properly sent there. We can think of no situation nor have appellees pointed any out to us where such use of a box would be to their prejudice.

Accordingly, for purposes of Rule 1025, the requirement that a party not represented by an attorney shall have an address within the county is satisfied by endorsing the complaint with a post office box number within the county where all papers incident to the action can be sent. To hold otherwise redounds to the prejudice of non-resident litigants and is alien to our concept of the right of all persons to have equal access to the courts of this Commonwealth.

Decree of the lower court is reversed and the judgment reinstated. Costs on appellee.