## Salinger v. Shank

*Harold R. Prowell*, for plaintiff.

*James Evans*, for defendant.

HERMAN, J., January 24, 1966.—The matter before us is the disposition of a rule to open a default judgment.

Plaintiff and defendant were invoved in an automobile collision in Steelton on June 5, 1962, and on July 10, 1963, a little over 13 months later, plaintiff instituted a suit in trespass against defendant by the issuance of a writ of summons. Because defendant had moved shortly after the accident and then later again moved his residence,[1] service of the summons was not made until September 27, 1963, when he was personally served at his place of business at 3025 Market Street, Camp Hill, where he was employed by Reserve Life Insurance Company as sales manager, a position that he had held for several years. Plaintiff had, however, contacted defendant by registered mail a month prior to this service at defendant's residence, and so he knew at that time that defendant's home was in this area.

On October 1, 1963, the office of Reserve Life Insurance Company was moved to 13 North Progress Avenue, Harrisburg, Pa. (Progress Plaza Shopping Center), where it is still located. The postmaster at Camp Hill was notified of this change, and mail was thereafter forwarded to the new address. The telephone listing for Reserve Life Insurance Company was changed to the new address, and the company was always listed in the directory.

Prior to September 27, 1963, the date on which the writ of summons was served, plaintiff and his attorney spent a great deal of time and effort to locate defendant, who, they suggested, was constantly moving to avoid suit. On that date, however, they knew that he

---

[1] In June of 1962, defendant moved from Chambersburg to Mechanicsburg, R. D. 3, where he and his wife lived in a trailer; in November of 1962, defendant moved to York, R. D. 6, in a trailer; and in May of 1963, defendant moved back to Mechanicsburg, R. D. 2, again in a trailer and remained there at least until August 26, 1964, when defendant's depositions were taken. At all times pertinent to these proceedings, defendant lived in the vicinity of Harrisburg.

lived near Harrisburg and that he was employed by Reserve Life Insurance Company. Thereafter, apparently, the only further effort to contact defendant or to serve him personally with a complaint was made by plaintiff in a personal visit to 3025 Market Street, Camp Hill, where he discovered that Reserve Life Insurance Company had moved. No copy of a complaint was ever served on defendant, nor was a copy left for him at his residence or his place of business, nor mailed to him at either place.

Defendant failed to enter any appearance, and on November 8, 1963, plaintiff's attorney filed his praecipe in the office of the Prothonotary of Dauphin County, averring that:

"Df. having failed to file appearance or pleading, & his residence being unknown & having no place of business known to Plf., in accordance w. R C P 1027, Pf. leaves copy of Complt. with the Prothy. 'for the use of' the Defendant".

Thereafter, on November 30, 1963, plaintiff's attorney filed a praecipe with the said prothonotary as follows:

"Enter judgment agst. defendant for failure to file an appearance or pleading to the complaint".

On February 3, 1964, defendant then having retained counsel, an appearance for him was entered and service of the complaint accepted, and four days later defendant petitioned this court to open the judgment and let him into a defense. The rule was granted, and after an answer and subsequent pleading were filed, depositions were taken revealing the facts as herein outlined and the further fact that defendant would defend on the ground that plaintiff was negligent, or contributorily so.

There is no doubt that defendant was most dilatory and showed little regard for his rights in doing nothing for four months after he was served with the writ of

summons, and it is clear, as many cases hold, that a valid judgment will not be opened unless defendant can show the existence of equitable considerations which impress the court with the need for relief: Liberty National Bank of Pittston v. Degillio, 406 Pa. 127 (1962); Minetola v. Samacicio, 399 Pa. 351 (1960), but we are of the opinion that we are governed by a different principle in the instant case and that the rule opening the judgment must be made absolute.

Rule 1027 of the Pennsylvania Rules of Civil Procedure provides:

"A party filing a pleading, other than a complaint by which an action is commenced, shall forthwith serve it on every other party

"(1) by leaving a copy for or mailing a copy to him at the address endorsed on an appearance or prior pleading of the party, *but if there is no such endorsement, then* [2]

"(2) *by leaving a copy for or mailing a copy to him at the residence or place of business of the party* or the address of the party's attorney of record, *but if there is no such residence or place of business* and no attorney of record, *then*

"(3) by leaving a copy for him with the prothonotary of the court in which the action was commenced for the use of the other party": Adopted June 25, 1946. Effective January 1, 1947.

This rule is applicable to trespass cases as well as assumpsit: Pa. R. C. P. 1041; Goodrich Am. §1041-4. The *order of priority* of the methods of service is mandatory: Goodrich-Am. §1027-1, and in the instant case, plaintiff should have *mailed* a copy of the complaint to defendant at his residence or his place of business, or left a copy at either place. See Cody v. Cody, 408 Pa. 301 (1962).

---

[2] Italics ours throughout.

There is in Pennsylvania no longer the right to take judgment for want of an appearance: Goodrich-Am. §§1007-4, 1037-1, and so defendant's failure to file an appearance, taken alone, would not be sufficient to support this default judgment, and if, as we believe, the service of the complaint was improper, there was no duty on defendant to take any action. Anderson, in 3A Anderson Pa. Civ. Prac. §1351.2, in discussing the form of the writ of summons, points out that this writ merely informs defendant that an action has been commenced against him and that he must defend it, but the writ imposes no *specific duty*, and the author further points out that it is not until defendant is duly served with the properly endorsed complaint that he is under any duty to proceed in the action. The author states, in his comment to rule 1027, that in the case of failure to serve a copy of the complaint, the court could stay the proceedings until service were made "and must set aside any default judgment which was improperly entered". See also 7 Standard Pa. Prac., Opening Judgments, §48.

Pennsylvania Rule of Civil Procedure 1047 provides for a default judgment in trespass actions, and Anderson, in his comment thereto, states that: "If the defendant is not served with a copy of a complaint endorsed with a notice to plead he is not required to take any action and no judgment for default can be entered against him under any circumstances".

"A long line of cases has established the principles that . . . relief will be given to one against whom a default judgment has been taken where a petition is promptly filed, the default reasonably explained or excused, and a defense shown to exist upon the merits . . . .": Wheel v. Park Building, 412 Pa. 545, 546 (1963).

Service on the prothonotary may only be made "if no other method is possible": Cody v. Cody, supra, p. 305,

and it has been suggested by the text writers that in order to insure that this manner of service be not improperly used, a party relying on such service should be required to file an affidavit that service could not have been made by the manner provided in subsections (1) or (2) of rule 1027. This, plaintiff could not do, for it appears that he could have mailed a copy of the complaint to a business address or a home address with a fair assurance that the pleading would have been delivered to defendant.

For these reasons, we conclude that the rule dated February 10, 1964, must be made absolute and defendant let into a defense.