**Fost v. Fost**

*Lawrence C. Zeger,* for plaintiff.

*G. D. Wilt,* amicus curiae.

KELLER, J., January 3, 1975.—In the case at bar, the master appointed by this court filed his report and recommendations on October 29, 1974. In an exceptionally well-reasoned opinion, he found that plaintiff had sustained her burden of proving that she was entitled to a divorce on the grounds of indignities, and that the general jurisdictional and venue requirements were met. However, the master has declined to recommend a divorce be granted without prior judicial consideration being addressed to the following procedural defects, which he concluded might oust the jurisdiction of the court:

1. Plaintiff's complaint does not specifically state that all papers and pleadings shall be served upon the attorney whose name, title and two office addresses are printed upon the cover and the attorney did not sign his name beneath the printed items.

2. Plaintiff's complaint alleges that plaintiff and defendant are "citizens of the United States of America and of the Commonwealth of Pennsylvania," rather than the "nationality" of defendant as required by Pennsylvania Rule of Civil Procedure 1126(3).

3. Plaintiff's complaint did not allege the length

of time defendant resided in the Commonwealth immediately previous to the commencement of the action as required by Pa. R. C. P. 1126(4).

Pennsylvania Rule of Civil Procedure 1025 provides, inter alia:

"Every pleading of a party represented by an attorney shall be endorsed with the name of the attorney, . . . together . . . with an address within the Commonwealth."

The master cites the opinion of the Hon. W. C. Sheely, former President Judge of this court, in Hinkel v. Beiting, 69 D. & C. 129 (1949), as authority for his contention that noncompliance with Pa. R. C. P. 1025 constitutes a jurisdictional defect which must be corrected. We have examined Judge Sheely's opinion and find we cannot agree with the interpretation placed upon it by the master, for we conclude the court sustained a motion to strike for noncompliance with the Rules of Civil Procedure, rather than for jurisdictional reasons. We also find that the facts in Hinkel v. Beiting, supra, are unlike those in the case at bar, for in that case no requisite address was endorsed on the complaint.

"The purpose of the endorsement required by Rule 1025 is to provide an address at which service may be made of copies of pleadings, motions, orders and notices in accordance with Rules 1027 and 233": 2A Anderson Pa. Civ. Prac. §1025.1.

The cover of plaintiff's complaint has printed thereon:

> "Lawrence C. Zeger
> Attorney-at-Law

> "32 East Seminary Street        29 Center Square
> Mercersburg, Pa. 17236        Greencastle, Pa. 17225"

Mr. Zeger is a member of the bar of the Thirty-

ninth Judicial District, and the two addresses given are located within this judicial district.

We conclude that the printed name of counsel, his title and addresses constitute a sufficient compliance with Pa. R. C. P. 1025. See Cody v. Cody, 408 Pa. 301 (1962).

Paragraph 5 of plaintiff's complaint alleges:

"Both the Plaintiff and the Defendant are citizens of the United States of America and of the Commonwealth of Pennsylvania."

Pennsylvania Rule of Civil Procedure 1126 provides, inter alia:

"The plaintiff shall set forth in the complaint as to the cause of action for divorce or annulment:

". . .

"(3) the nationality, last known residence and present whereabouts of the defendant or that the plaintiff has no knowledge thereof; and in that case the names and addresses of near relatives and other persons who would be likely to know the present residence and whereabouts of the defendant."

The master suggests paragraph 5 does not comply with Pa. R. C. P. 1126(3) by alleging that the parties are "citizens" rather than their "nationality." Counsel for plaintiff contends a "citizen of the United States" is synonomyous with a "national of the United States" and cites the Immigration and Nationality Act, 8 U. S. C. §1101(a)(21 and 22), June 27, 1952, 66 Stat. 166, as amended, as authority for his position.

On first blush, it would appear that we are dealing with a distinction without a difference and should overrule the objection raised by the master. However, we find that prior to October 5, 1971, Pa. R. C. P. 1126(3) used the language "the *citizenship*, last known residence." (Emphasis supplied) We cannot conclude that the Supreme Court of Pennsylvania

intended to do a meaningless thing in promulgating the 1971 amendment to this rule substituting "nationality" for "citizenship."

In Cooper v. Cooper, 27 D. & C. 2d 556 (1962), and Shorr v. Shorr, 33 Lehigh 136 (1968), we find the word "citizenship" as used in Pa. R. C. P. 1126(3) construed as referring to State citizenship. We also note in Black's Law Dictionary, Revised Fourth Edition: "The term 'national' as used in the phrase 'national of the United States' is broader than the term 'citizen'."

In Spencer v. Spencer, 23 Cumberland 51 (1973) the Hon. Dale F. Shughart, P. J., concluded that an averment of nationality was required in the complaint; that the evidence established that defendant was born in the United States and treated the complaint as amended nunc pro tunc to show that defendant was a national of the United States. We would follow a similar procedure in the case at bar, but for the fact that plaintiff will be required to file an amended complaint for other reasons. Plaintiff is, therefore, directed to amend her complaint to comply with Pa. R. C. P. 1126(3).

Plaintiff concedes the master is correct in finding her complaint did not allege the length of time defendant resided in the Commonwealth immediately previous to the commencement of the action. Pa. R. C. P. 1126 provides, inter alia:

"The plaintiff shall set forth in the complaint as to the cause of action for divorce or annulment:

". . .

"(4) the lengths of time the plaintiff and the defendant have severally resided in the Commonwealth immediately previous to the commencement of the action."

"The omission in the complaint may be cured by amendment. It cannot be cured by testimony supply-

ing the missing information. A decree of divorce, particularly in an uncontested case, should be based upon a complaint which complies strictly with the Rules of Civil Procedure. Oyler v. Oyler, 69 D. & C. 44; AB v. CD, 74 D. & C. 83": Shorr v. Shorr, supra. See also Keiter v. Keiter, 16 Cumberland 103 (1965).

## ORDER

Now, January 3, 1975, leave is granted plaintiff to file an amended complaint in compliance with the Rules of Civil Procedure within 20 days. Service of the amended complaint shall be effected pursuant to law and the said rules. When the action is at issue, the court will entertain a motion to refer the matter back to the master for such further proceedings as may be required.